**LORAIN NATIONAL BANK, Appellee,**

v.

**SARATOGA APARTMENTS et al.;  Mahmood, Appellant.**

[Cite as *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127.]

Court of Appeals of Ohio,
Lorain County.

No. 88CA004357.

Decided March 15, 1989.

*Daniel P. Batista*, for appellee.

*Dennis E. Murray* and *Kirk J. Delli Bovi*, for appellant Khalid Mahmood.

*William F. Kolis, Jr.*, and *Linda C. Ashar*; and *Nicholas R. Curci*, for Denis A. Radefeld et al.

BAIRD, Presiding Judge.

On March 13, 1984, the Lorain National Bank ("bank") instituted a foreclosure action against Saratoga Apartments, an Ohio general partnership, partners Denis A. Radefeld, Robert E. Roy and Walter B. Webb, and their spouses. The partners and their spouses had executed and delivered promissory notes to the bank upon which the partnership defaulted.

The partners filed a third-party complaint against Khalid Mahmood and others alleging that Mahmood was a member of the partnership and therefore obligated on the notes the partnership executed. After the bank obtained a judgment against the partners, the partners supplemented their claim against Mahmood demanding a contributive share of the bank's judgment which these partners had satisfied in its entirety. Additionally, the partners sought an accounting of the partnership's transactions and a judgment against Mahmood for any sums Roy, Radefeld and Webb were entitled to as a result of the accounting.

Mahmood filed counterclaims against the partners for negligence in the performance of their partnership obligations and for a breach of their fiduciary duty. On December 15, 1986, the trial court granted the partners' motion for summary judgment on their claim against Mahmood for a partnership share of the payments made by them to satisfy the bank's judgment. On

March 15, 1988, after the partners dismissed their claim for an accounting, the trial court granted the partners summary judgment on Mahmood's counterclaims. Mahmood appeals from these judgments.

### Assignment of Error I

"The trial court committed prejudicial, reversible error by granting third-party plaintiffs summary judgment on their claim against appellant."

■ In reviewing a summary judgment, the appellate court follows the same standard as that employed by the trial court. Civ.R. 56(C). The evidence must be construed most strongly in favor of the non-moving party and the court must be satisfied that no genuine issue as to any material fact remains to be litigated. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. It must appear from the evidence that reasonable minds can come to but one conclusion, that being that the moving party is entitled to a judgment as a matter of law. *Mitchell v. Ross* (1984), 14 Ohio App.3d 75, 76, 14 OBR 87, 88, 470 N.E.2d 245, 246–247.

■ On October 1, 1975, the partners, Mahmood and others entered into a partnership agreement forming Saratoga Apartments. The purpose of this partnership was " * * * to acquire real estate and buildings; to erect a new building structure upon such real estate; to engage in the business of leasing or selling such real estate and building structures, or any portions thereof; and to conduct and engage in any other lawful business or activities upon which the Partners may agree."

On August 15, 1980, Saratoga Apartments and the partners executed and delivered a promissory note to the Lorain National Bank. Mahmood objected to this loan and did not sign the note. After the bank sued for foreclosure on the loan, the partners filed a third-party complaint against Mahmood for his contributive share of any judgment against the partnership. Mahmood stated that he had withdrawn from the partnership with the consent of the other partners.

After the bank was granted a judgment against the partners, the partners amended their complaint asking for contribution from Mahmood for the bank loan judgment, and in addition, for an accounting of the partnership's transactions and a judgment against Mahmood for any sums the partners were entitled to as a result of the accounting.

Letters from Robert Ellis indicate that Mahmood was a member of the partnership after August 15, 1980. However, the deposition of Edwin P. Klenz, Vice President of the bank, stated that the bank had a policy that all partners sign a personal guarantee when the bank made a loan to a general partnership. Mahmood never signed a promissory note at the time of the

bank loan. Klenz's deposition states that the bank's business records indicate that the partners were Roy, Webb, Radefeld and Gerber.

Therefore, there is a genuine issue of material fact as to whether Mahmood was a partner at the time the loan was made from the bank. Accordingly, the granting of summary judgment for the partners was not proper.

### Assignment of Error II

"The trial court committed prejudicial reversible error by granting third-party plaintiffs summary judgment on appellants' counterclaim."

Based upon its conclusion that the law does not recognize a claim for breach of an implied fiduciary duty in a partnership context, the trial court granted the partners' motion for summary judgment and dismissed Mahmood's counterclaims. The trial court relied on *Deist v. Timmins* (1986), 32 Ohio App.3d 74, 513 N.E.2d 1382, which held that Ohio has not recognized a recovery of damages for a breach of an implied fiduciary duty owed between partners.

The courts have recognized the fiduciary relationship of partners and impose on them obligations of the utmost good faith and integrity in their dealings with one another in partnership affairs. 59A American Jurisprudence 2d (1987) 453, Partnership, Section 420. See *Latta v. Kilbourn* (1893), 150 U.S. 524, 543, 14 S.Ct. 201, 208, 37 L.Ed. 1169, 1176; *McGrath v. Cowen* (1898), 57 Ohio St. 385, 408, 49 N.E. 338, 342.

The trend throughout the country recognizes that a fiduciary relationship exists between partners and embraces all matters relating to the partnership business. Each is bound to exercise the utmost good faith and honesty in all dealings and transactions relating to the partnership. See *Couri v. Couri* (1983), 95 Ill.2d 91, 69 Ill.Dec. 117, 447 N.E.2d 334; *Peskin v. Deutsch* (1985), 134 Ill.App.3d 48, 89 Ill.Dec. 28, 479 N.E.2d 1034, certiorari denied (1985); *McMichael Constr. Co. v. D & W Properties, Inc.* (La.App.1978), 356 So.2d 1115; *Burgess Mining & Constr. Corp. v. Lees* (Ala.1983), 440 So.2d 321. In Corpus Juris Secundum, the nature of the obligation between partners is stated as follows:

"The status, duties, and obligations of partners as to each other arising from the relationship of partnership are regulated by the express contract between them as far as the express contract extends and continues in force, and the courts cannot rewrite their agreement; but those duties and obligations which are not reached by the express contract are implied and enforced by law. The relation of partnership is fiduciary in character, and imposes on the members of the firm the obligation of the utmost good faith in their dealings with one another with respect to partnership affairs, of acting

for the common benefit of all the partners in all transactions relating to the firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind." (Footnotes omitted.) 68 Corpus Juris Secundum (1988) 516–517, Partnership, Section 76.

For these reasons, Mahmood's claim for a breach of fiduciary duty is legally recognizable. The trial court erred in granting summary judgment and dismissing Mahmood's counterclaim.

The judgment of the trial court is reversed and the case is remanded for further proceedings on the complaint and on the counterclaim for breach of fiduciary duty.

*Judgment reversed*
*and cause remanded.*

MAHONEY, J., concurs.

QUILLIN, J., dissents.