OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Dunn, Appellee, v. Zimmerman, a.k.a. Dunn, Appellant, et al.
[Cite as Dunn v. Zimmerman (1994),    Ohio St.3d    .]
Partnerships -- Breach of fiduciary duty among partners
actionable at law -- Remedy for breach of fiduciary duty is an
accounting.
                            ---
A breach of fiduciary duty among partners is actionable at
     law.  The usual and normal remedy for a breach of
     fiduciary duty or other legal conflict among partners is
     an accounting.
                            ---
     (No. 93-574 -- Submitted December 15, 1993 -- Decided May
18, 1994.)
     Certified by the Court of Appeals for Summit County, No.
15698.
     On February 7, 1980, appellee, Harvey Dunn, and appellant,
Cindy Zimmerman, executed an agreement to become partners in
the ownership and operation of a parcel of commercial property
in Akron, Ohio.  According to the agreement, Dunn owned a
seventy-percent interest in the partnership property, and
Zimmerman a thirty-percent interest.  Zimmerman managed the
property, and received a percentage of the rents collected as
her fee.
     Zimmerman subsequently developed a drug addiction, which
led her to convert funds from the partnership to her own use.
Zimmerman admits that she mismanaged the property.  Dunn
discovered Zimmerman's activities and sought restitution.  As a
result, in May 1988 Zimmerman paid $10,000 to the partnership,
and later executed two notes in the amount of $15,000 and
$20,658, on which the partnership eventually collected.
     In September 1989, Dunn filed a complaint naming Zimmerman
and Max Dunn as defendants.  Max Dunn is Zimmerman's father,
and assisted Zimmerman on some aspects of the management of the
property.  The complaint alleged conspiracy and conversion, and
prayed for injunctive relief, an accounting, and compensatory
and punitive damages.
     The matter was tried before a referee, who concluded that
the record lacked proof of how much damage Dunn had suffered in

excess of the $45,658 that Zimmerman had already paid. He thus recommended an award of $100 nominal compensatory damages and $14,900 punitive damages for Zimmerman's willful breach of her fiduciary obligations. Zimmerman objected to the report, asserting that a partner could bring no claim for money damages for breach of fiduciary duty in the absence of an accounting. The referee issued a supplementary report, leaving intact the nominal and punitive damage awards, which the trial court adopted.

Zimmerman appealed, assigning as error, inter alia, the trial court's award of damages without a full accounting of the partnership affairs. The court of appeals affirmed the judgment of the trial court. Finding its judgment to be in conflict with that of the Court of Appeals for Franklin County in Deist v. Timmins (1986), 32 Ohio App.3d 74, 513 N.E.2d 1382, the court of appeals certified the record of the case to this court for review and final determination.

Joseph S. Kodish and Mark B. Weisman, for appellee.
Melvin R. Hawk, for appellant.

Moyer, C.J. The question certified for our review is "whether a partner may maintain an action for breach of a fiduciary duty by one partner against another." Answering the certified question in this case also requires this court to consider in what circumstances a formal accounting is required in an action at law between partners.

Partners in Ohio owe a fiduciary duty to one another. Arpadi v. First MSP Corp. (1994), 68 Ohio St.3d 453, N.E.2d  , paragraph two of the syllabus. This duty would be meaningless without the existence of a remedy for its breach. Nevertheless, we have never explicitly recognized a claim for damages for breach of fiduciary duty by a member of a partnership. Cf. Slater v. Motorists Mut. Ins. Co. (1962), 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45 (recognizing claim for breach of insurer's duty to act in good faith towards insured). Consequently, at least one appellate court has concluded that Ohio does not recognize a claim for breach of implied fiduciary duty between partners. Deist v. Timmins (1986), 32 Ohio App.3d 74, 513 N.E.2d 1382.

In 1949, the General Assembly adopted G.C. Chapter 8105, now R.C. Chapter 1775, the Uniform Partnership Law. Two provisions of the statute guide our interpretation of it. R.C. 1775.04 provides: "In any case not provided for in sections 1775.01 to 1775.42, inclusive, of the Revised Code, the rules of law and equity, including the law merchant, shall govern." We therefore look first to the statute to determine whether it recognizes a right to bring an action for breach of fiduciary duty. Second, R.C. 1775.03(A) provides that "[t]he rule that statutes in derogation of the common law are to be strictly construed has no application to section[s] 1775.01 to 1775.42 of the Revised Code." We interpret this provision to mean that the General Assembly intended the Uniform Partnership Law to be liberally construed.

R.C. 1775.20(A) provides in pertinent part:

"Every partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him

without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

This provision is essentially the codification of the common-law fiduciary duty owed by partners to one another. In addition, R.C. 1775.21 provides:

"Any partner has the right to a formal account as to partnership affairs:

"(A) If he is wrongfully excluded from the partnership business or possession of its property by his partners;

"(B) If the right exists under the terms of any agreement;

"(C) As provided by section 1775.20 of the Revised Code;

"(D) Whenever other circumstances render it just and reasonable."

Construing R.C. 1775.20 and 1775.21 liberally, we conclude that the General Assembly intended that a breach of fiduciary duty among partners is actionable at law. We conclude also that the usual and normal remedy for a breach of fiduciary duty or other legal conflict among partners is an accounting. The broad scope of circumstances listed in R.C. 1775.21(A) to (D) indicates that an accounting is an appropriate remedy for a range of wrongs, embracing more than just breach of fiduciary duty. In the instant case, for example, the complaint contained counts for conversion and conspiracy. Depending on the specific facts of the case, such independent claims may be grounds for an accounting under subsections (A), (C) or (D).

We note that R.C. 1775.21, establishing the right to an accounting, does not require the windup or dissolution of the partnership. R.C. 1775.42, in contrast, provides a right to seek an accounting upon dissolution of a partnership. In addition, R.C. 1775.17(A) to (H) provide a set of rules for the court to follow in determining the rights and liabilities among partners when rendering an account.

A party seeking an accounting must introduce sufficient evidence to enable the court to make a definitive accounting that states the "'true condition of [the] affairs'" between the partners. Oglesby v. Thompson (1898), 59 Ohio St. 60, 64, 51 N.E. 878 (quoting Slater, Myers & Co. v. Arnett [1886], 81 Va. 432, syllabus). In the absence of sufficient proof, the court must leave the parties where they stand. Id. Once the accounting has been conducted, the trial court may enforce the collection of any amounts found owing. The trial court's award may include punitive damages in the appropriate circumstances. See Digital & Analog Design Corp. v. N. Supply Co. (1989), 44 Ohio St.3d 36, 540 N.E.2d 1358.

This interpretation of R.C. Chapter 1775 accords with the common law of Ohio and other jurisdictions. This court last addressed the question of the need for an accounting in an action between partners nearly a century ago. The court established the rule that a partner could not maintain an action against a copartner for contribution in the payment of a partnership debt until there had been a final accounting of partnership affairs. Kunneke v. Mapel (1899), 60 Ohio St. 1, 53 N.E. 259, paragraph one of the syllabus. The one narrow exception to the rule was when a "particular transaction had, by agreement, been withdrawn from the partnership account." Id. The rule in Kunneke was said to be a corollary of the

holding of Oglesby, supra, 59 Ohio St. 60, 51 N.E. 878, paragraph one of the syllabus, that in a suit for an accounting by one partner against another, there could be no judgment in favor of either party before a full accounting had been completed.  The rationale for the rule of Kunneke and Oglesby was that until a full accounting had been done, it was impossible to tell, based on the entire scope of partnership transactions, who owed what to whom.  Id.

Another justification for the traditional rule stems from the fact that at common law, partners were jointly liable for their obligations.  Suing one's partner would therefore require the joinder of each member of the partnership as defendants, including the plaintiff.  The result would be that, technically, one party would be both plaintiff and defendant in the same cause.  Sertich v. Moorman (1989), 162 Ariz. 407, 783 P.2d 1199; Balcor Income Properties, Ltd. v. Arlen Realty, Inc. (1981), 95 Ill.App.3d 700, 420 N.E.2d 612.

Numerous courts have recognized one or more exceptions to the general rule.  In Ohio, courts have recognized legal claims between partners without an accounting when the basis of the suit does not involve a searching inquiry into the affairs of the partnership.  Hanes v. Giambrone (1984), 14 Ohio App.3d 400, 14 OBR 518, 471 N.E.2d 801 (allowing an action between partners to collect unpaid partnership contributions).  See, also, Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 572 N.E.2d 198 (recognizing a claim for breach of fiduciary duty despite dismissal of claim for an accounting).

Other jurisdictions have recognized similar exceptions. In Battles v. LaSalle Natl. Bank (1993), 240 Ill.App.3d 550, 608 N.E.2d 438, the court allowed general partners to sue another general partner without an accounting for breach of fiduciary duty in disposing of partnership property.  Likewise, in Fulton v. Baxter (1979), 596 P.2d 540, the Supreme Court of Oklahoma allowed a lawsuit for breach of fiduciary duty by a partner in the absence of an accounting when the complaint alleged that the defendant had wrongfully appropriated a partnership lease to his own use.

These exceptions arose from the recognition that in certain cases the rationales for the traditional rule do not apply.  For example, it has been stated that the merger of law and equity in a single court has eliminated the technical problem that a party may not be plaintiff and defendant in the same cause, a rule that was enforced in legal actions, but not in equitable ones.  Sertich, supra, 162 Ariz. at 412, 783 P.2d at 1204; Balcor Income Properties, supra, 95 Ill.App.3d at 703, 420 N.E.2d at 614.

Even courts that have recognized exceptions to the traditional rule requiring an accounting, however, have applied the exception narrowly.  Thus, the Supreme Court of Hawaii held that, although no accounting is necessary for one partner to sue another "if the amount sued for is capable of computation and ascertainment by a jury without a full accounting," this exception did not apply where the relevant transactions among the partners are complex and cover a long period of time.  Lau v. Valu-Bilt Homes, Ltd. (1978), 59 Haw. 283, 290, 582 P.2d 195, 200.  The Lau court specifically cited the fact that the evidence consisted of numerous documents and accounts, and that

many of the accounts had not yet been wound up at the time of trial.  Id. at 292, 582 P.2d at 201.  See, also, Giblin v. Anesthesiology Assoc. (1991), 171 App.Div.2d 839, 567 N.Y.S.2d 775 (claim for incidental benefits of employment upon termination from partnership not appropriate for suit without accounting); Catron v. Watson (1970), 12 Ariz.App. 132, 468 P.2d 399 (accounting necessary when complaint alleged failure to pay contributions to promissory note and tax assessment, and general mismanagement of business).

At common law, then, the prevailing view has been that an accounting is generally a prerequisite to an action at law that arises from the affairs of a partnership.  This rule continues to be jurisprudentially sound because of the concern, as valid today as it was a century ago, that determining obligations between partners requires an inquiry into the full scope of the partnership business.

We recognize, however, that in the universe of disputes that might arise among partners, there may be some for which a formal accounting would be a pointless exercise.  Such cases would involve disputes over a very limited time or number of transactions, whose resolution would not require a searching inquiry into partnership affairs.  We emphasize that this would be the exceptional case.  It would be the rare case indeed in which a trial court abuses its discretion in ordering an accounting as a means of determining a legal dispute between partners.

In this case, the general rule applies.  The allegations of Dunn's complaint are not narrowly limited in either scope or time.  In fact, plaintiff alleged in paragraph twenty-one of his complaint that "[t]he amount of money due from Defendants to Plaintiff is unknown to Plaintiff at this time, and cannot be ascertained without an accounting showing all receipts received by Defendants ***."  Furthermore, Dunn asserted in a court filing that "Plaintiff finally discovered the amount and extent of [defendant's] theft after spending hundreds of hours of work to determine the amount and the fact that she had been stealing money from the partnership for several years."  By her own admission, Zimmerman's misappropriation of partnership property encompassed several years and a large number of transactions.  It is thus apparent that the true standing of plaintiff and defendant cannot be ascertained in the absence of a formal accounting.

We therefore reverse the judgment of the court of appeals and remand the cause for proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.