[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Williams County Court of Common Pleas which granted summary judgment to appellee, Gerken Materials, Inc., ("Gerken") and dismissed with prejudice appellants' claims. Appellants, Larry and Barbara Uland and Albert and June Kwader, set forth the following assignments of error:
"Assignment of Error 1:
 "The court below erred in granting defendant-appellee Gerken's motion for summary judgment and ordering a dismissal with prejudice on plaintiffs-appellants (sic) claims for relief under its theories of:
"A. First Claim for Relief: Negligence
"B. Second Claim for Relief: Nuisance
"C. Third Claim for Relief: Trespass
 "D. Fourth Claim for Relief: Strict Liability/Nuisance Per Se
"E. Eighth Claim for Relief: Punitive Damages.
"Assignment of Error 2:
 "The court below erred in granting that portion of defendant-appellee S.E. Johnson's motion for summary judgment and ordering a dismissal with prejudice appellant (sic) claims for relief under the Third Claim for Relief: Trespass."
The following facts are relevant to this appeal. In July 1995, appellants, landowners of property located on Lake Pioneer in Williams County, Ohio, filed a complaint in connection with the alleged contamination of Lake Pioneer against Gerken and other defendants not part of this appeal.[1] The water of the seventy-five acre manmade lake has been contaminated by oil, silt and sediment. Appellants set forth eight separate counts against all defendants alleging negligence, nuisance, trespass, strict liability, intentional infliction of severe emotional distress, negligent infliction of severe emotional distress and breach of covenant. Appellants sought compensatory damages, punitive damages, attorney fees and costs.
All defendants filed motions for summary judgment. On March 7, 1997, the trial court granted Gerken's motion for summary judgment. On March 31, 1997, appellants filed their notice of appeal as to Gerken.
In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In considering appellants' assignment of error in regard to Gerken, this court reviewed the record of this cause, the relevant law and applied the summary judgment standard. After doing so, this court concludes that the well-reasoned opinion and journal entry of the Honorable Robert V. Franklin properly determines and correctly disposes of the material issues in this case. This court therefore adopts the judgment of the trial court as our own. See Appendix A. Appellants' assignment of error in regard to Gerken is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Williams County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] On August 4, 1997, this court granted a motion to dismiss filed by defendant-appellee, S.E. Johnson Companies, Inc. ("SE Johnson"), in regard to the trial court's order granting, in part, and denying, in part, its motion for partial summary judgment. Accordingly, appellants' second assignment of error is found not well-taken.