DECISION AND JUDGMENT ENTRY
This matter is before the court following the July 6, 2001 judgment entry of the Ottawa County Court of Common Pleas which granted judgment in favor of appellee, Skyline View Park, Inc. ("Skyline"). For the reasons that follow we affirm, in part, and reverse, in part, the decision of the trial court.
The facts of this case are as follows. Skyline is a not-for-profit corporation that owns real property which it leases to members in the corporation as seasonal mobile home sites and boat docks. In 1982, appellant, William A. Albanese, purchased a membership in the corporation and signed a lease for a mobile home site and dock.
In 1996, appellant renewed three separate leases for mobile home lot No. 44 and dock Nos. 101-A and 36-C. According to the lease terms, appellant was to make his lease payments in two installments due May 1 and November 1 of each year. Rent for lot No. 44 totaled $625, or two installments of $312.50; dock Nos. 101-A and 36-C each had an annual rent of $200, or $100 bi-annually. The bi-annual installment totaled $512.50.
The lease further provides that if the lessee is in default on rent or assessments, Skyline shall deliver a written notice requiring the lessee to cure the defect within ten days. Regarding assessments, the lease indicates that the Board of Directors may, from time to time, levy assessments in accordance with the corporate by-laws or the lease provisions.
On July 9, 1994, March 20, 1999, and October 9, 1999 the Skyline board passed respective assessments of $120, $60, and an estimated sum based upon water line improvements and usage.
In April 2000, appellant received a ten-day demand for payment of the November 1999 installment of $752.50. This amount included $312.50 for Lot 44, $200 for each of the docks, and $240 for assessments. Attached to a letter dated April 21, 2000, appellant tendered a check for $412.50 which Skyline refused to accept. In May 2000, appellant tendered a check for $612.00, which included what he believed to be the inadvertent $100 shortfall from the April payment. Skyline refused to accept this payment and delivered to appellant a three-day notice to vacate Lot 44.
On August 23, 2000, Skyline filed a complaint for forcible entry and detainer and for termination of appellant's membership interest in the corporation. Appellant filed an answer and counterclaim arguing that he had been improperly paying assessments and rent increases since 1996 and that appellant had been denied the full use and enjoyment of his leased and personal property and membership interest.
Skyline moved for summary judgment on April 20, 2001. In its motion, Skyline acknowledged that proper notice may not have been given as to the assessments, but Skyline contended that such issues of fact were not material. Skyline contended that it was entitled to judgment in its favor based upon the non-payment of the maintenance fees, or lease amounts. In opposition, appellant argued that he was not obligated to pay the assessments because he was not properly notified of the increased assessments as required under R.C. 3733.11(B). Thus, appellant contended that Skyline wrongly refused to accept his rent payments.
On July 6, 2001, the trial court granted Skyline's motion based upon appellant's failure to tender full and timely payments of the bi-annual lease fees. The court agreed that genuine issues of fact remained as to the issue of the assessments and bifurcated that portion of the case for further proceedings. This appeal timely followed.
Appellant raises the following assignments of error:
 "I. The trial court erred in determining that Mr. Albanese breached the terms of the lease agreement regarding payment of rent (Decision p. 5.)
 "II. The trial court erred in holding that Mr. Albanese's membership interest must be extinguished without any value afforded him. (Decision p. 6.)"
In his first assignment of error, appellant asserts that the trial court erred by granting summary judgment because he made all of the required payments. Appellant points to the trial court's statement that Skyline would not be entitled to forcible entry and detainer based upon the failure to pay the assessments. This fact, coupled with the argument that appellant actually paid, for some time, assessments that he was not legally obligated to pay due to improper notice, amounts to an actual credit balance on his account.
In reviewing a grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted where there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
On review of the trial court's June 18, 2001 decision, memorialized in the court's July 6, 2001 judgment entry, we agree that the trial court properly found that genuine issues remained relative to the issue of the assessments. Because we agree that summary judgment was inappropriate as to the payment of the assessments, we further find that at this time we cannot properly determine whether, in fact, a credit remains on appellant's account.
As to the non-payment of rent, in appellant's April 21, 2000 letter, appellant stated that the enclosed check for $412.50 was specifically for lot No. 44 and dock No. 101-A. Appellant did not reference dock No. 36-C which, had he included payment for, would have raised the total to $512.50, the undisputed sum owed. Accordingly, we find that appellant did make timely and full payments as to lot No. 44 and dock No. 101-A, but he failed to make the $100 bi-annual payment for dock No. 36-C. Thus, Skyline was properly granted summary judgment only as to appellant's interest in dock No. 36-C. Appellant's first assignment of error is well-taken, in part.
In appellant's second assignment of error he argues that his membership interest in Skyline should not have been terminated. Based upon our determination of appellant's first assignment of error, we find that appellant's second assignment of error is well-taken.
On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Ottawa County Court of Common Pleas is reversed, in part, and affirmed, in part, and remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
Melvin L. Resnick, J., James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.