DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the judgment of the Sandusky County Court of Common Pleas which granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. The trial court declared the business liability policy in dispute furnished additional coverage to a personal motor vehicle involved in an accident. For the reasons set forth below, the judgment of the trial court is reversed.
 {¶ 2} On appeal, appellant sets forth the following sole assignment of error:
 {¶ 3} "The court erred in denying Auto-Owners Mutual Insurance Company's Motion for Summary Judgment and granting the Motion for Summary Judgment filed by defendant William R. James, Jr."
 {¶ 4} The following undisputed facts are relevant to this appeal. On April 7, 2002, David E. Bruce was in the process of rearranging cars in the driveway at his residence in anticipation of the arrival home of his daughter. While pulling his 1995 Chevrolet pick-up truck out of the driveway, Bruce collided with an oncoming vehicle driven by appellee, William R. James, Jr. Bruce maintained a personal automobile liability coverage policy through Auto-Owners with a $300,000 limit. Auto-Owners did not dispute the applicability of this policy and tendered the policy limits to James.
 {¶ 5} In addition to his personal policy, Bruce also purchased a business liability policy from Auto-Owners. Bruce is the sole proprietor of a Corvette repair and maintenance business located in a separate garage-style building adjacent to his residence. Bruce obtained the business policy to provide him with coverage when working on customers' vehicles in connection with his Corvette business. The issue of whether the business policy was drafted so as to furnish additional coverage for the accident of April 7, 2002, is what we must examine to resolve this case.
 {¶ 6} On November 15, 2002, Auto-Owners filed a complaint seeking declaratory judgment that the business policy provided no coverage to the event underlying this case. On June 25, 2003, appellee James filed for summary judgment, asserting the business policy was drafted in such a way that it must be interpreted as providing coverage for the accident. On July 2, 2003, Auto-Owners filed for summary judgment, denying the business policy covered this accident. On July 31, 2003, Auto-Owners filed a brief in opposition to James' motion for summary judgment. On August 21, 2003, James filed a reply in support of his motion for summary judgment. On August 25, 2003, Auto-Owners filed a response.
 {¶ 7} On March 15, 2005, the trial court issued its summary judgment ruling. The trial court denied Auto-Owners' motion for summary judgment and granted James' motion for summary judgment. The trial court declared the disputed business policy provides additional coverage for the accident. On April 7, 2005, Auto-Owners filed notice of appeal.
 {¶ 8} In its assignment of error, appellant asserts that the trial court erred in granting summary judgment to James. In support, appellant asserts the contractual language contained in the coverage provisions of the business policy was clear, unambiguous, and did not provide coverage. Appellant argues that in order for the business policy coverage to be triggered, two prerequisites must be met. The vehicle use must be "used in connection with" the Corvette business and the vehicle must not be owned by the named insured, Bruce. Appellant contends neither prerequisite necessary to qualify coverage under the business policy was met in this case.
 {¶ 9} The standard of review for a grant or denial of summary judgment is identical for both the trial court and appellate court. An appellate court must review the trial court's summary judgment on a de novo basis. Lorain Natl. Bank v. SaratogaApts. (1989) 61 Ohio App.3d 127, 129; Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C).
 {¶ 10} It is not disputed that Bruce's personal policy with Auto-Owners was applicable. Its policy limit of $300,000 was paid to James. The determinative issue under review is whether Bruce's other policy, a business liability policy, also provides coverage for this accident.
 {¶ 11} On April 7, 2002, Bruce was operating his 1995 pick-up for personal, not professional reasons. Bruce was rearranging vehicles on his property for reasons wholly unrelated to his Corvette business. There is no evidence in the record to controvert this fact. Bruce's truck was covered by a personal liability policy issued by Auto-Owners with a coverage limit of $300,000. This policy was deemed applicable to the accident and the limit was paid to James. On April 7, 2002, Bruce also had a business liability policy issued through Auto-Owners. We must ascertain whether the plain meaning of the language used in the business policy coverage provisions results in additional coverage of the accident under the business policy.
 {¶ 12} The business policy states in relevant part, "The insurance under this division covers the ownership, maintenance, occupation or use of the premises for the purposes of an automobile repair shop, service station, storage garage or public parking place and all operations which are necessary or incidental thereto, including the use for any purpose in connection with the foregoing of any automobile not hired, registered or owned in whole or in part by the named insured, any partner or officer thereof."
 {¶ 13} This court has consistently adhered to the plain meaning doctrine in undertaking contract interpretation disputes. The language voluntarily selected, drafted into the policy, and contracted to by the parties must be given its plain meaning. The court is required to liberally construe disputed policy language in favor of one asserting disputed coverage in only those limited instances where the contractual language is found ambiguous and susceptible to multiple interpretations. Moccabee v. ProgressiveIns. Co. (October 9, 1998) 6th Dist. No. L-98-1069, at ¶ 8. Similarly, the Supreme Court of Ohio has held that reviewing courts must uphold the plain meaning of policy language unless an alternative meaning is readily apparent upon examination of the policy. Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, at ¶ 6.
 {¶ 14} We have carefully scrutinized and considered the language utilized in the business policy for indicia of ambiguity so as to justify the trial court ruling. We find the policy clearly and unambiguously establishes two conjunctive coverage criteria. Both must be met for an event to be covered. First, the vehicle must have been used at the time "in connection with" the Corvette business. Second, the vehicle must not be owned by Bruce, the named insured. Neither criteria is met in this case.
 {¶ 15} Bruce owned the vehicle involved in the incident. This, in and of itself, defeats coverage. Aside from that failed criteria, the vehicle must have been utilized at the time in connection with the business. In this case, the operation of the vehicle must have been connected to the Corvette business. On the contrary, Bruce was rearranging vehicles in preparation for the arrival home of his daughter. This was not connected to the business.
 {¶ 16} Despite the above, the trial court ruled that the business policy nevertheless provided coverage. The record reveals that the rationale relied up by the trial court was based upon a premise unsupported by the language of the policy.
 {¶ 17} The trial court analysis reasoned that because the truck Bruce was driving had been used for business purposes inthe past, it therefore extended coverage to the accident on April 7, 2002. The language of the policy simply does not state that once a vehicle is used in connection with the business, perpetual coverage, whether rooted in personal or business vehicle use, is triggered. The clear purpose of the business policy was to provide Bruce coverage when he was operating vehicles owned by others while conducting business operations. This is not the scenario presented in this case.
 {¶ 18} There is no ambiguity in the business policy so as to warrant construction in favor of James. The intent of the parties is clear from the language incorporated into the document. The trial court's interpretation would create perpetual and permanent business policy coverage of non-business incidents for the duration of the business policy term, once a vehicle had been used for a single business purpose. Under the trial court's reasoning, appellee could be driving his truck while out of state on a family vacation, totally unrelated to his business, and yet claim coverage under the business policy if that truck has been used previously for a business related reason. This overreaching approach to contract interpretation has been rejected by the Supreme Court of Ohio in post Pontzer decisions. The record shows this was not the intent of the contracting parties, and not the coverage established by the policy.
 {¶ 19} Based upon our de novo review of this matter, we find no genuine issue as to any material fact. Bruce's 1995 truck was covered by $300,000 personal liability policy. Auto-Owners paid this amount to James. The accident of April 7, 2002, did not meet the mandatory coverage requirements of the business policy. The plain language of the policy excludes coverage for the accident under this policy. Pursuant to App.R. 12(B), we reverse the judgment of the Sandusky County Court of Common Pleas and render summary judgment to Auto-Owners. Appellee James is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., M. Parish, J., concur.