OPINION
{¶ 1} This is an appeal by non-party James McAdams ("appellant"), from the April 10, 2008 decision and entry of the Franklin County Court of Common Pleas, in which that court: (1) granted the motion of non-party Joseph S. Latshaw ("Latshaw") to dismiss appellant's third-party complaint, and (2) granted Latshaw's motion for appointment of a receiver for Ohio Queen Breeders, an Ohio partnership ("the partnership"). *Page 2 
 {¶ 2} Appellant and Latshaw are the only two partners in the partnership. On March 19, 2007, Latshaw filed a complaint for judicial administration and winding up of affairs of the partnership, pursuant to R.C. 1775.31. Latshaw sought the appointment of a receiver, an accounting and establishment of a claims procedure. Latshaw's complaint contained no claims against appellant. On May 7, 2007, despite the fact that he was not a party and had not sought leave to intervene, appellant filed an answer and a third-party complaint alleging that Latshaw possessed partnership property without the requisite authority; damaged the partnership by shutting down its website, setting up his own website and doing business with the partnership's customers; interfered with the partnership's business opportunities; and breached his fiduciary duty to appellant.
 {¶ 3} On May 31, 2007, Latshaw filed a motion to dismiss the third-party complaint pursuant to Civ. R. 12(B)(6). On June 11, 2007, appellant filed a memorandum contra, and on June 18, 2007, Latshaw filed a reply memorandum. In his motion to dismiss, Latshaw argued that an accounting is the proper remedy between partners regarding claims for mismanagement or misappropriation of partnership assets, and that appellant is limited to the dissolution and winding up provisions in R.C. Chapter 1775 and the claims procedures set up by the receiver. Latshaw argued that appellant may not bring a separate action for misappropriation and breach of fiduciary duty. In response, appellant argued that his third-party claims were proper as compulsory counterclaims, and maintained that the appointment of a receiver and establishment of a claims procedure will not afford him adequate relief. He argued that his action should be allowed to go forward and should be consolidated with the winding up and receivership. *Page 3 
 {¶ 4} The trial court agreed with Latshaw and, relying on the case ofDunn v. Zimmerman, 69 Ohio St.3d 304, 1994-Ohio-351, 631 N.E.2d 1040, found that an accounting was the appropriate mechanism for obtaining relief for all of the claims contained in appellant's third-party complaint. The court noted authority that holds that an action at law between partners is generally prohibited, and the only exception is where a formal accounting would not be necessary or where the dissolution would not require an accounting of a variety of partnership transactions in order to reveal the true financial state of affairs of the partnership.
 {¶ 5} The trial court determined that in this case such an accounting was necessary, appellant's claims were not exceptions to the general rule, and therefore appellant's third-party complaint did not state a claim upon which relief could be granted. The trial court concluded by stating:
 Latshaw's Complaint requests the appointment of a Receiver in this matter. The Court finds this Motion is also well-taken. A Receiver shall be appointed in this matter. Further details regarding a hearing on this appointment shall be discussed at the upcoming Status Conference * * *
(Apr. 10, 2008 Decision and Entry.)
 {¶ 6} On May 19, 2008, appellant filed a notice of appeal of the trial court's decision and entry, and advances a single assignment of error for our review:
 THE COURT ERRED IN DISMISSING APPELLANT'S THIRD PARTY COMPLAINT.
 {¶ 7} At oral argument, this court brought up to counsel for both appellant and Latshaw the issue whether the order from which appellant appealed is a final, appealable order. "The question of whether an order is final and appealable is jurisdictional and may *Page 4 
be raised sua sponte by an appellate court." Englert v. NutritionalSciences, LLC, Franklin App. No. 07AP-305, 2007-Ohio-5159, ¶ 5, citingChef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87,541 N.E.2d 64. Moreover, we must dismiss an appeal that is not from a final, appealable order. Epic Properties v. OSU LaBamba, Inc., Franklin App. No. 07AP-44, 2007-Ohio-5021, ¶ 10.
 {¶ 8} After consideration of the parties' arguments on the issue, the record of this case, and the relevant case law, we conclude that we lack jurisdiction over this appeal. Section 3(B)(2), Article IV of the Ohio Constitution, limits this court's jurisdiction to the review of final orders of lower courts. The Supreme Court of Ohio has stated that a final order "is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. (1971),27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127. A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02
and, if applicable, Civ. R. 54(B). Denham v. City of New Carlisle,86 Ohio St.3d 594, 596, 1999-Ohio-128, 716 N.E.2d 184, citing Chef ItalianoCorp., supra, at 88.
 {¶ 9} "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment" is a "final order." R.C. 2505.02(B)(1). Because it meets the requirement of R.C. 2505.02(B)(1), an order dismissing a third-party complaint is a final order. However, an order that dismisses a third-party complaintwhile other claims are pending in the action is not a final, appealable order without an express determination of no just reason for delay.State ex rel. Jacobs v. Mun. Court of Franklin Cty. (1972),30 Ohio St.2d 239, 243-244, 59 O.O.2d 298, 284 N.E.2d 584.
 {¶ 10} The dissolution and winding up of a partnership is an action because it gives persons the right to judicial redress or relief. SeeIn re Estate of Philips (June 28, *Page 5 
1996), Montgomery App. No. 15816. Further, the trial court's entry makes it clear that the dissolution and winding up proceedings are still pending. Consequently, because other claims remained pending, the trial court's entry dismissing appellant's third-party complaint was not a final, appealable order unless the trial court made an express determination of no just reason for delay. The trial court did not do so, here; therefore, we lack jurisdiction over this appeal. SeeRegents Mgt. Co. v. Connor (Dec. 21, 1978), Franklin App. No. 78AP-172 (no final, appealable order where trial court failed to include Civ. R. 54(B) language and the receiver had not yet been finally discharged).
 {¶ 11} For this reason, we sua sponte dismiss appellant's appeal.
Appeal dismissed.
PETREE and KLATT, JJ., concur. *Page 1