DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellees. For the reasons set forth in detail below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Earnestine Davis, sets forth the following sole assignment of error: *Page 2 
 {¶ 3} "That the Court ruled on questions of fact when they should have been submitted to a jury."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. In 2006, the Toledo Police Department was investigating suspected drug activity taking place in an apartment building in West Toledo.
 {¶ 5} During the course of the investigation, the assigned detective performed undercover surveillance on the premises. The surveillance revealed ongoing activity transpiring in an apartment located within the subject building consistent with suspected drug activity.
 {¶ 6} Based upon these observations, the detective utilized a confidential informant whom he had previously used and found to be reliable to conduct a controlled buy at the apartment. The substance subsequently acquired by the confidential informant performing the controlled buy was promptly tested to ascertain its composition. It was verified to be crack cocaine. Additional surveillance was performed of the premises following the successful controlled buy. This follow-up surveillance likewise generated further evidence of continuing illegal drug activity in the apartment.
 {¶ 7} On November 3, 2006, based upon the fruits of the investigation, the Toledo Police Department obtained a "no knock" search warrant for the premises. On November 6, 2006, during the execution of the warrant, the police inadvertently entered the apartment across the hall from the apartment where the crack cocaine sales had occurred. *Page 3 
 {¶ 8} This mishap occurred due to confusion generated by a discrepancy in which building entrance was used as a baseline starting point for determining which apartment was at issue. The search warrant identified the specific apartment based upon a rear door entry to the building. However, during execution of the warrant, the officers made a tactical determination that entering from the front entrance was the safest course of action. This discrepancy resulted in the mistaken entry into the apartment across the hall from the one where the subject illegal activity had taken place.
 {¶ 9} The officers entering appellant's apartment promptly recognized that it was not the correct apartment during their brief safety search. Appellant, the apartment's occupant, was not searched, was not arrested, and was not charged with any crime.
 {¶ 10} An immediate apology and explanation was furnished to appellant. In response, appellant verified for the officers that the apartment where drug activity takes place was located directly across the hall. The officers acknowledged their mistake and provided appellant with the requisite information to enable her to seek reimbursement for any property damage sustained during the mishap.
 {¶ 11} On March 12, 2007, appellant filed a complaint against the city of Toledo and the three officers involved in the physical execution of the search warrant. In their answer, appellees conceded their inadvertent misstep, denied all remaining allegations, and asserted several affirmative defenses, most significantly, sovereign immunity. On January 18, 2008, an amended complaint was filed naming additional police officers as *Page 4 
defendants. Appellant alleged liability pursuant to a broad array of theories ranging from intentional battery to cruel and unusual punishment.
 {¶ 12} On April 30, 2008, the city of Toledo filed for summary judgment. On May 19, 2008, appellant filed a response in opposition to summary judgment. On July 24, 2008, the trial court granted summary judgment to appellees, finding them immune from liability based upon statutory sovereign immunity. Timely notice of appeal was filed.
 {¶ 13} In the sole assignment of error, appellant asserts that the trial court erred in granting summary judgment to appellees. It is well-established that appellate court review of a disputed trial court's summary judgment determination is conducted pursuant to the de novo standard of review. We apply the same standard utilized by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
 {¶ 14} It is axiomatic as a general proposition of law that municipal entities and municipal employees are statutorily immune from liability for any injuries or damages sustained in connection with the performance of governmental functions. The only exceptions to an application of this immunity occur when the parties acted outside of the scope of their employment, the parties acted with malice, the parties acted wantonly or in *Page 5 
bad faith, or in areas of strict liability where the liability is expressly imposed by statute. R.C. 274.03(A)(6).
 {¶ 15} We have carefully reviewed the record of evidence for any indicia in support of the notion that genuine issues of material fact remained such that the granting of summary judgment to appellees was not appropriate.
 {¶ 16} We note at the outset that appellant furnished no evidence to establish that appellees' conduct in the admittedly flawed execution of the search warrant did not fall within the scope of their employment or that it fell within an area of strict liability. As such, the relevant scope of review consists of whether appellant furnished compelling factual evidence creating a general issue of material fact as to whether the parties' conduct precipitating and during the incident can be reasonably construed as to have been done with malice, wantonly, or in bad faith so as to bar R.C. 2744.01 statutory immunity.
 {¶ 17} The record shows that in support of summary judgment, appellant primarily relied upon a report submitted by a retired Detroit police commander consisting of a litany of sweeping legal conclusions unsupported by evidence in the record.
 {¶ 18} In essence, appellant's expert witness essentially reasons that debatable tactical decisions, debatable interpretations of reports, and the adverse outcome itself constitutes evidence of, and establishes, malice, bad faith, and reckless conduct. In essence, the expert presents various unsupported opinions as evidentiary established legal conclusions. In conjunction with this, appellant's brief likewise consists of similarly unsupported opinions presented as properly established legal conclusions. *Page 6 
 {¶ 19} Our review of the record reveals that it is devoid of any objective, relevant evidence demonstrating malice, bad faith or reckless conduct on the part of appellees so as to preclude the application of the immunity statute. As such, we find that there is no genuine issue of material fact in dispute. We find appellant's sole assignment of error not well-taken.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1