ABDOO, Appellant,

v.

LMI PRUDENTIAL INSURANCE COMPANY, Appellee.

[Cite as *Abdoo v. LMI Prudential Ins. Co.* (1995), 108 Ohio App.3d 13.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–95–011.

Decided Dec. 22, 1995.

*Geoffrey R. Smith,* for appellant.
*William F. Pietrykowski,* for appellee.

---

*Per Curiam.*

This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Prudential–LMI Insurance Company ("Prudential"),[1] in a declaratory judgment action filed by plaintiff-appellant, Dennis Abdoo. Abdoo now raises a single assignment of error from that judgment:

"The trial court erred when it granted appellee's motion for summary judgment, finding that the insurance contract at issue did not cover appellant's losses because the court erroneously found that appellant was claiming loss of business income, which was not covered by the policy, when in fact, appellant's losses were covered by the policy and appellant's motion for summary judgment should have been granted."

---

1. Although the notice of appeal, and hence the caption, of this case lists the appellee's name as LMI Prudential Insurance Co., the record reveals that the appellee's proper name is "Prudential–LMI Insurance Co."

The undisputed facts of this case are as follows. On April 1, 1991, appellant, doing business as Fremont Graphic Arts, purchased a Commercial Business Package Policy (policy No. CB 6610420 A) from appellee, the effective dates of which were June 8, 1991 to June 8, 1992. The declarations page of the policy indicates that appellant purchased commercial general liability coverage and commercial property coverage. The commercial property coverage portion of the policy lists "Business Personal Property" as included but lists "Buildings," "Personal Property of Others," and "Business Income" as not covered.

Subsequently, and during the term of the policy, appellant was indicted on a charge of criminal simulation with regard to his printing of allegedly illegal baseball cards. Appellant was acquitted of that charge and, thereafter, terminated Linda Oliver, who had originally brought the issue of the baseball cards to the attention of the Fremont Police Department, from his employ. As a result, Oliver brought a wrongful discharge suit against appellant, but that suit was eventually dismissed with prejudice by Oliver. Thereafter, appellant made a claim for benefits pursuant to his policy of insurance with appellee on the ground that the above-stated legal proceedings had caused him substantial damages. Appellee denied appellant's claim, and on December 19, 1993, appellant filed a complaint for declaratory judgment in the lower court. The complaint alleged that appellant sustained substantial and permanent damage to his business as a result of actions of employees and others which caused him to be indicted; that the damages included but were not limited to legal fees, loss of reputation and loss of customers; and that the damages he sustained were covered under the policy. Both parties filed motions for summary judgment in the court below, and on February 2, 1994, the trial court filed its judgment entry granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. Specifically, the court determined that appellant's claimed losses were not of use of his business personal property but of business income, and that loss of business income was a variety of insurance coverage available to him, but that he had not contracted for that coverage. In addition, the court determined that appellant's alleged losses were not covered under the liability portion of the contract because that provision covered sums which the insured becomes legally obligated to pay as damages to a third party. Accordingly, the court granted appellee's motion for summary judgment, denied appellant's motion for summary judgment, and dismissed the case. It is from that judgment that appellant now appeals.

In his sole assignment of error, appellant asserts that the trial court erred in granting appellee's motion for summary judgment. In reviewing a ruling on a summary judgment motion, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572

N.E.2d 198, 199–200. We are guided by the requirements set forth in Civ.R. 56(C):

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

■ ■In support of his assignment of error, appellant argues that his losses were expressly covered under the terms of the policy as "Property Damage" or "Impaired Property," that the damages and legal fees incurred in defending the civil action and criminal charges were covered under the "Coverage B. Personal Injury and Advertising Injury Liability" section of the policy, that at the very least the policy is ambiguous, and that because appellant's losses were not expressly excluded by the policy, he is entitled to coverage.

Appellant claimed in the court below, and claims before this court, that as a result of the criminal and civil actions against him he lost the tangible use of his business machinery and equipment, he incurred legal costs, he sustained publicity that had a negative impact on his business, he lost existing accounts and did not get new accounts, he lost business personal property as a result of Oliver's unauthorized removal of that property from his office, and he lost business personal property as a result of the execution of a search warrant at Fremont Graphic Arts.

Initially, appellant claims that his losses were covered under the property damage provision of the policy. The "Building and Personal Property Coverage Part" of the policy reads in relevant part:

"A. COVERAGE

"We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

"1. Covered Property

"Covered Property, as used in this Coverage Part, means the following types of property for which a Limit of Insurance is shown in the Declarations:

" * * *

"b. Your Business Personal Property located in or on the building described in the Declarations or in the open (or in a vehicle) within 1000 feet of the described building, consisting of the following unless otherwise specified in the Declarations:

"(1) Furniture and fixtures;

"(2) Machinery and equipment;

"(3) 'Stock';

"(4) All other personal property owned by you and used in your business;

"(5) Labor, materials or services furnished or arranged by you on personal property of others."

Appellant looks to the glossary of the policy to support his assertion that his losses are expressly covered as property damage under the above stated coverage. The glossary states initially: "The glossary is a collection of terms limited to a special area or usage. This glossary is an important part of your policy. *The entire definition shall be included each time the word or phrase is used.*" (Emphasis added.) The glossary then defines the phrase "property damage" as:

"1. Physical injury to tangible property, including all resulting loss of use of that property; or

"2. Loss of use of tangible property that is not physically injured."

Appellant contends that this definition should apply to the phrase "direct physical loss of or damage to Covered Property" as used in the coverage quoted above. Upon review of the entire policy, however, we cannot agree with appellant's interpretation. The glossary expressly states that the phrase "property damage" has the above quoted meaning. The phrase "property damage" is not used in the coverage section to which appellant refers. Rather, that phrase is used in the general liability provision of the policy, which reads:

"COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

"1. Insuring Agreement

"a. We will pay those sums *that the insured becomes legally obligated to pay as damages* because of 'bodily injury' or 'property damage' to which this insurance applies." (Emphasis added.)

Moreover, the "Causes of Loss—Special Form" section of the policy reads in relevant part:

"A. COVERED CAUSES OF LOSS

"When Special is shown in the Declarations, Covered Causes of Loss means RISK OF DIRECT PHYSICAL LOSS unless the loss is:

"1.   Excluded in Section B., Exclusions; or

"2.   Limited in Section C., Limitations;

"that follow."

"The term "Special" is shown in the Declarations page of appellant's policy. The "Exclusions" section of the "Causes of Loss—Special Form," therefore, applies.  It reads as follows:

"B.   EXCLUSIONS

"1.   We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

" *   *   *

"c.   Governmental Action Seizure or destruction of property by order of governmental authority.

" *   *   *

"2.   We will not pay for loss or damage caused by or resulting from any of the following:

"a.   Legal Proceedings.

"b.   Delay, loss of use, or loss of market.

" *   *   *

"h.   Dishonest or criminal act by you, any of your partners, employees, directors, officers, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

"(1) Acting alone or in collusion with others; or

"(2) Whether or not occurring during the hours of employment.

"This exclusion does not apply to acts of destruction by those of your employees who are not officers, directors, trustees or authorized representatives. But theft by employees is not covered."

■■   Most of appellant's claimed losses, if they exist at all, were caused by or resulted from legal proceedings.  In addition, to the extent that appellant sustained a loss as a result of the execution of a search warrant, the seizure was a governmental action and is also excluded from coverage under the policy. Finally, appellant claims a loss due to Linda Oliver's unauthorized removal of property from the business.  Paragraph 2h of the exclusions provides that the

policy does provide coverage for acts of destruction by employees who are not officers, directors, trustees or authorized representatives, but does not provide coverage for acts of theft by employees. Accordingly, appellant's alleged losses do not qualify as "direct physical loss of or damage to Covered Property."

Next, as to appellant's assertion that his losses should be covered as "impaired property" under the policy, we conclude that while the glossary does define the term "impaired property," nowhere in the commercial property coverage which appellant purchased is that phrase used. Moreover, as we stated above, the commercial general liability policy provides coverage only for sums which appellant becomes legally obligated to pay to a third party.

■ Finally, appellant contends that the damages and legal fees incurred in defending the civil action and criminal charges were covered under the "COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY" section of the general liability policy. That section provides:

"1. Insuring Agreement.

"a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this insurance applies."

As with the bodily injury and property damages clause in Coverage A of the general liability policy, Coverage B applies only to damages which appellant is legally obligated to pay a third party and appellant is not entitled to coverage under this section of the policy for the damages he claims to have sustained.

Upon review, we conclude that all of the losses appellant claims to have sustained as a result of the legal actions taken against him are either not covered by the policy or are expressly excluded by the policy. Accordingly, given the undisputed evidence before the court, and construing that evidence in a light most favorable to appellant, reasonable minds can only conclude that appellee is entitled to judgment as a matter of law. Therefore, the trial court did not err in granting appellee's motion for summary judgment and the sole assignment of error is not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., HANDWORK and GLASSER, JJ., concur.