DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas denying the motion for partial summary judgment filed by appellant, Nicole Kelby, and granting the cross motion for summary judgment filed by appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). For the reasons that follow we affirm the decision of the trial court.
This matter arose as a result of the death of Roman Marchewka ("decedent"), appellant's father, on July 16, 1996. The decedent was struck and killed by an uninsured motorist, Michael Jackson. The decedent had uninsured motorist ("UM") coverage through GRE Insurance Group and Midwestern Indemnity Company (collectively referred to as "GRE"). Appellant, who lived in Minnesota at the time of the accident, had UM coverage with State Farm, with a UM policy limit of $100,000.
On January 23, 1997, Mary Ellen Marchewka, Executrix of the Estate of Roman Marchewka, filed a wrongful death complaint, which was amended twice thereafter. The named defendants were Michael Jackson, GRE, and State Farm. Mary Ellen Marchewka, as the Executrix, settled an uninsured motorist claim with GRE in the amount of $100,000, the policy limit of the decedent's UM coverage. Following this settlement, appellant and State Farm filed cross motions for summary judgment. On March 10, 1999, the trial court granted State Farm's motion on the basis that Minnesota law applied to appellant's contract with State Farm and that appellant's claim was barred by Minnesota's anti-stacking statute, Minn.Stat.65B.49.[1]
Appellant raises the following as her sole assignment of error:
 "THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF WAS NOT ENTITLED TO UNINSURED MOTORIST COVERAGE ON THE BASIS THAT SHE IS ATTEMPTING TO STACK INSURANCE POLICIES, WHICH IS FORBIDDEN UNDER MINNESOTA LAW."
We note that, initially, there was some issue concerning whether Ohio or Minnesota law applied; however, the trial court determined that Minnesota law applied and neither party argues otherwise. Moreover, we concur with the finding of the trial court concerning the applicability of Minnesota law.
This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
The provision at issue in this case states as follows:
 "(6) Regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the policy, or premiums paid, in no event shall the limit of liability for uninsured and underinsured motorist coverages for two or more motor vehicles be added together to determine the limit of insurance coverage available to an injured person for any one accident." Minn.Stat. 65B.49, Subd. 3a(6).
Appellant argues that she is not attempting to stack or add together two or more separate limits of liability for her recovery; rather, "[s]he is simply making a claim for her wrongful death damages under her own automobile insurance policy with State Farm for the death of her father."
In Minnesota, a wrongful death action, pursuant to Minn.Stat. 573.02, must be brought by the trustee of the decedent's estate. Ortiz v.Gavenda (1999), 590 N.W.2d 119. Minn.Stat. 573.02, Subd. 1, states: "When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission."
In this case, decedent's estate has already received $100,000 of UM coverage. Accordingly, insofar as Minn.Stat. 65B.49, Subd. 3a(6) prohibits the stacking or adding together of coverages for two motor vehicles to determine the limit of insurance coverage available, we find that appellant is precluded from recovering her UM limits of liability from State Farm. As such, we find that State Farm is entitled to summary judgment on appellant's cause of action.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of
Marchewka v. Jackson
L-99-1399
the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., Richard W. Knepper, P.J., JUDGE, CONCUR.
[1] Appellant timely appealed this judgment; however, we held that the matter was not yet final and appealable. Following a default judgment being rendered against Michael Jackson, and an assessment of damages hearing being held, appellant again timely appealed the trial court's March 10, 1999 judgment.