DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, SafeCo National Insurance Company ("SafeCo"), in this uninsured/underinsured motorists ("UM/UIM") coverage dispute. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant, Lindsey R. Garrison, a minor, was injured while a passenger in a motor vehicle on December 27, 1999 in Lucas County, Ohio. The motor vehicle involved in the accident was taken by Lindsey and her friend without permission of the friend's father and was driven by another of Lindsey's friends when the accident occurred. Deposition testimony established that Lindsey and her friend took the vehicle's keys from the sleeping parents' room, snuck down the stairs and pushed the car down the driveway before starting the engine so that the parents could not hear the vehicle start.
 {¶ 3} In November 2000, a complaint was filed upon Lindsey's behalf by her parents (collectively appellants) against SafeCo and others not party to this appeal. SafeCo issued an automobile policy to Lindsey's father and the complaint sought UM/UIM coverage for her injuries under the policy.
 {¶ 4} On December 21, 2001, SafeCo filed a motion for summary judgment. In its motion, SafeCo argued that although Lindsey and her father were insureds under the policy, an exclusion precluded coverage. SafeCo relied upon an exclusion which stated that no UM/UIM coverage for bodily injury would be provided for an insured when "using a vehicle without a reasonable belief that the insured has permission to do so."
 {¶ 5} On February 4, 2002, appellants filed a memorandum in opposition to SafeCo's motion for summary judgment and a cross-motion for summary judgment on the issue of coverage. In their motion, appellants argued that no exclusion contained in the UM/UIM coverage precluded coverage.
 {¶ 6} On February 19, 2002, the trial court granted summary judgment to SafeCo and denied appellants' cross-motion for summary judgment. Appellants filed a timely notice of appeal and set forth the following two assignments of error:
 {¶ 7} "ASSIGNMENTS OF ERROR
 {¶ 8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT-APPELLEE SAFECO NATIONAL INSURANCE COMPANY.
 {¶ 9} "II. THE TRIAL COURT ERRED WHEN IT GRANTED SAFECO'S MOTION FOR SUMMARY JUDGMENT PRIOR TO PLAINTIFFS-APPELLANTS FILING THEIR REPLY BRIEF WITHIN THE TIME PERMITTED BY LUCAS COUNTY COURT OF COMMON PLEAS GEN.R. 5.03(E)."
 {¶ 10} In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Civ.R. 56(C) provides that before summary judgment may be granted, the court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, in viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, and that conclusion is adverse to the nonmoving party.
 {¶ 11} In considering appellants' first assignment of error and arguments in support thereof, this court reviewed the record of this cause, the relevant statutory and case law and applied this law. After doing so, we conclude that the well-reasoned opinion and judgment entry of the Honorable James D. Bates properly determines and correctly disposes of the material issues raised in the first assignment of error. We therefore adopt the judgment of the trial court as our own. See Appendix A. Accordingly, appellants' first assignment of error is found not well taken.
 {¶ 12} In their second assignment of error, appellants argue that the trial court erred when it granted SafeCo's motion for summary judgment prior to appellants' filing their reply brief. This court finds no merit in this assignment of error.
 {¶ 13} The Eighth Appellate District has held in certain instances that a trial court errs by ruling on motions without first waiting for responses within scheduled time limits. See, City of Cleveland v.Laylle (Nov. 24, 1999), Cuyahoga App. No. 75196, (court erred by ruling on motion to suppress before expiration of response time); Mackey v.Steve Barry Ford, Inc. (May 30, 1991), Cuyahoga App. No. 58681, (court abused its discretion by collapsing the time for responses, without notice, after previously setting down a specific response time to motion for summary judgment). However, in Cleveland Clinic Foundation v.Commerce Group Benefits, Inc. (Mar. 22, 2002), Cuyahoga App. No. 79907, that same appellate court held that under the particular circumstances of a case, the trial court did not err or abuse its discretion in ruling upon a motion to strike an affidavit without first waiting for an opposition; the appellate court noted that the motion "established by far reasonable grounds for striking the affidavit."
 {¶ 14} Upon review of appellants' reply brief in support of their motion for summary judgment, this court does not find that the trial court erred or abused its discretion when it granted SafeCo's motion for summary judgment and denied appellants' motion for summary judgment prior to appellants' filing their reply brief.
 {¶ 15} Accordingly, appellants' second assignment of error is found not well-taken.
 {¶ 16} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.