OPINION
[¶ 1] This is an appeal from the judgment of the Putnam County Court of Common Pleas, which granted summary judgment to defendant-appellee, Westfield Insurance Company.
[¶ 2] On November 7, 1999, plaintiff-appellant, Brenton Niese ("Niese"), suffered bodily injury while operating his own motorcycle when he collided with an automobile driven by Betty Maag. At the time of his accident, Niese was employed by W. C. Wood Company, Inc., which was insured through Westfield Insurance Company "(Westfield"). As a result of the seriousness of his injuries, Niese filed an underinsured ("UIM") motorist claim with Westfield as his employer's insurer on the authority of Scott-Pontzer v. Liberty Mut. Ins. Co. (1999), 85 Ohio St.3d 660. Westfield denied Niese's claim and on July 18, 2001, Niese filed a complaint against several defendants including Westfield. On March 15, 2002, Westfield filed a motion for summary judgment, which was granted on May 10, 2002.
[¶ 3] Niese now appeals asserting a single assignment of error, which states
 [¶ 4] "THE TRIAL COURT ERRED IN FINDING THAT THE WESTFIELD POLICY DOES NOT PROVIDE UNDERINSURED MOTORIST COVERAGE TO BRENTON NIESE."
 [¶ 5] An appellate court reviews a grant of summary judgment de novo. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment is proper if the evidence filed in a case shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R.56(C). Furthermore, summary judgment should be granted, "if it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R.56(C).
[¶ 6] In his appeal, Niese first argues that the trial court relied upon an invalid exclusion in the Westfield policy to preclude him from UIM coverage. The Westfield policy precludes coverage, in relevant part, for "Bodily Injury sustained by: You while `occupying' * * * any vehicle owned by you that is not a covered `auto' for Uninsured Motorist Coverage under this Coverage Form." This language in a policy is also known as an "other-owned vehicle" exclusion. "You" is defined in the policy as the "named insured shown in the declarations." Furthermore, according to the Westfield policy, a "covered auto" for uninsured motorist coverage includes only those autos listed in the declaration and for which a premium is paid. The listed autos include a semi-tractor and five Chevrolet Luminas.
[¶ 7] In order for the Westfield "other-owned vehicle" exclusion to be valid and enforceable, the language of the exclusion must be consistent with former R.C. 3937.18(J).[1] Former R.C. 3937.19(J)(1) allowed insurers to preclude UM/UIM coverage for bodily injury under the following relevant circumstance, "While the insured is operating * * * a motor vehicle owned by * * * a named insured * * *, if the motor vehicle is not specifically identified in the policy under which the claim is made * * *."
[¶ 8] Niese argues that the Westfield policy exclusion does not comply with R.C. 3937.18(J)(1) because the Westfield exclusion applies to non-covered autos owned by those who fall within the definition of "you," while R.C. 3937.18(J)(1) only authorizes an exclusion for non-covered autos owned by a "named insured." However, the Westfield policy defines "you" as "the named insured shown in the declaration." This type of exclusion is permissible under R.C. 3937.18(J)(1). Thus, the distinction that Niese attempts to make is insignificant. Furthermore, several Ohio courts have enforced exclusions in other UIM policies with language similar to that used in the exclusion section of the Westfield policy as consistent with R.C. 3937.18(J)(1). Jones v. Nationwide Ins. (July 23, 2001), Stark App. No. 2000CA00329; Gaines v. State Farm Mut. Auto. Ins.Co., Franklin App. No. 01-AP-947, 2002-Ohio-2087, at ¶¶ 28-29;Fleetwood v. Doe, Cuyahoga App. No. 80877, 2002-Ohio-3907, at ¶ 8;Uzhca v. Derham, Montgomery App. No. 19106, 2002-Ohio-1814. We agree with these other courts and find that the language in the Westfield UIM exclusion is consistent with R.C. 3937.18(J)(1).
[¶ 9] Niese further argues that if the Westfield exclusion is valid under R.C. 3937.18(J)(1), that the term "you," as used in this exclusion when defined as the "named insured," does not include him since he is not listed in the policy by name or title as a "named insured." It is well settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature. Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109. Insurance coverage is determined by reasonably construing the contract "in conformity with the understood meaning of the language employed." King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211. "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." Id.
[¶ 10] The Supreme Court in Scott-Pontzer has examined the meaning of the term "you" when defined as "the named insured shown in the declarations" in an auto insurance policy. In that case, the court interpreted a policy which provided UIM coverage to those within the definition of "you." As the "named insured shown in the declarations" of the policy was a corporation and no individuals were listed, the court found the term "you" to be ambiguous as to who or what was covered by the UIM policy. Id. Consequently, the court examined the policy in favor of the insured and determined that the term "you" when the "named insured shown in the declarations" is a corporation, necessarily refers to its employees "since a corporation can act only by and through real live persons." Id. Consequently, the court found that the employee was an insured for UIM coverage as UIM coverage was designed "to protect persons, not vehicles." Id. Believing that the Scott-Pontzer decision declared an inherent ambiguity in the use of terms which must always be construed in his favor, Niese filed his claim for UIM coverage under the Westfield policy pursuant to Scott-Pontzer.
[¶ 11] As stated above, in order to preclude coverage, the Westfield policy exclusion requires that the non-covered auto be owned by "you." Niese essentially argues that although it was necessary for him to be included within the definition of "you" to be eligible for any UIM coverage under the policy pursuant to Scott-Pontzer, he should not be included within the definition of "you" for purposes of the UIM exclusions. Specifically, Niese asserts that since the term "you" has been judicially determined to be ambiguous, by the Scott-Pontzer
decision, it must be construed to his benefit anywhere it appears in the Westfield policy, even if to do so produces inconsistent definitions of "you" within that policy. We disagree with Niese's contention and find that the sounder interpretation of the Westfield policy and theScott-Pontzer decision would be to apply the term "you" consistently throughout a policy.
[¶ 12] The Westfield policy gives "you" the same meaning throughout the policy. Thus, it is our determination that the term "you" includes employees of the corporate insured wherever it appears in the Westfield policy. See also Shaw v. State Farm Ins., Cuyahoga, App. No. 80471, 2002-Ohio-5330, at ¶ 35; United Ohio Co. v. Bird (May 18, 2001), Delaware App. No. 00-CA-31 (finding that "Since the Ohio Supreme Court has judicially defined the word, unless the policy of insurance provides a different definition under * * * [another] provision of the policy, we must apply the definition of "you" consistently throughout the policy"). Consequently, we find that Niese, as an employee of the W.C. Wood Co., fits within the definition of "you" under the Westfield policy for both inclusion and exclusion purposes.
[¶ 13] Moreover, as Niese was driving an auto owned by him, in order for Niese to avoid the "other-owned vehicle" exclusion under R.C.3937.18(J)(1) and the Westfield policy, the vehicle involved in the accident must have been a "covered auto." As stated above, the Westfield policy defined "covered auto" as one that is in the declaration for which a premium is paid. In this case, Niese was driving a motorcycle while the declaration lists five cars and a truck. Consequently, Niese was not driving a "covered auto." As Niese is a "named insured" and was driving his own motor vehicle at the time of the accident which was not a "covered auto," the policy exclusion applies to Niese and he is not covered under the Westfield UM/UIM policy. See, also, Carmona v. Blankenship, Franklin App. No. 02AP-14, 2002-Ohio 5003, at ¶ 36 (finding that a policy with similar language excluded a person who was driving her own vehicle not listed in the declarations); Jones v. Nationwide Ins. (July 23, 2001), Stark App. No. 2000CA00329; Gaines, supra; Uzhca, supra. The parties do not dispute the relevant facts. Thus, based on the foregoing, Westfield is entitled to judgment as a matter of law. Consequently, Niese's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.
[1] This case is governed by R.C. 3937.18 as it was modified by S.B. 261 on September 7, 1999.