[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas which granted summary judgment to appellee, National Union Fire Insurance Company of Pittsburgh, PA ("National"), in this dispute concerning uninsured/underinsured motorists ("UM/UIM") coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. In November 1999, a complaint was filed on behalf of appellant, Jessie Wilke, a minor, ("Jessie") by her mother, appellant, Donna Ries, ("Donna") against Carlos Avilez Montes, the driver of a tractor-trailer rig involved in a motor vehicle accident on August 31, 1999, in which Jessie and Donna were injured. An amended complaint was filed on June 21, 2001, adding Donna and appellant, Robert Ries, ("Robert"), husband of Donna and stepfather of Jessie, as plaintiffs; National and others not party to this appeal were added as defendants. Robert was employed by Brush Wellman, Inc., at the time of the accident. National provided two policies of insurance for Brush Wellman at the time of the accident: an umbrella policy with a ten million dollar policy limit and an excess liability policy, also with a ten million dollar policy limit.
 {¶ 3} On November 1, 2001, appellants filed a motion for partial summary judgment as to National. On November 15, 2001, National filed a motion for summary judgment and a memorandum in opposition to appellants' motion for partial summary judgment. Appellants filed a memorandum in opposition to National's motion for summary judgment.
 {¶ 4} On February 21, 2002, the trial court granted summary judgment to National and denied appellants' cross-motion for summary judgment. Appellants filed a timely notice of appeal and set forth the following two assignments of error:
 {¶ 5} "Statement of the Assignments of Error
 {¶ 6} "Assignment of Error No. 1
 {¶ 7} "The trial court erred in granting summary judgment for National Union Fire Ins. Co. On the issue of whether Jessie Wilke and Donna Ries are insureds under the National Union umbrella and excess policies.
 {¶ 8} "Assignment of Error No. 2
 {¶ 9} "The court erred when in denying summary judgment for appellants on their motion against National Union on the issue of whether Jessie Wilke and Donna Ries are insureds under the National Union umbrella and excess policies."
 {¶ 10} In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Civ.R. 56(C) provides that before summary judgment may be granted, the court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, in viewing
 {¶ 11} such evidence most strongly in favor of the party against whom the motion for summary judgment is made, and that conclusion is adverse to the non-moving party.
 {¶ 12} The court will address appellants' assignments of error together as they are interrelated. In considering appellants' assignments of error and arguments in support thereof, this court reviewed the record of this cause, the relevant statutory and case law and applied this law. After doing so, we conclude that the well-reasoned decision of the Honorable Paul C. Moon properly determines and correctly disposes of the material issues raised in the assignments of error. We therefore adopt the decision of the trial court as our own. See Appendix A. Accordingly, appellants' assignments of error are found not well-taken.
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.