DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas.
 {¶ 2} In 1999, appellant, Michael Barnett, was hired by appellee, OmniSource Corporation, as a yard mechanic. After working for appellee for approximately one and one-half years, appellant was laid off. He was recalled to work in 2002.
 {¶ 3} According to appellant, during his first period of employment, he complained to his immediate supervisors and his union representative that he nearly fell off a flat bed trailer platform while servicing the engine of a crane mounted on the trailer. Appellant later testified that he told appellee that he thought it was dangerous to perform such tasks without a guardrail surrounding the platform.
 {¶ 4} In 2002, the same crane was still on appellee's site. On July 9, 2002, appellant's manager directed that he accompany the crane to a nearby plant in order to clean scrap metal from around dumpsters. At the plant, a truck driver backed the crane into a position near the dumpsters. Appellant climbed onto the trailer platform while the driver remained in the cab of the tractor. Appellant was standing next to the engine on the crane platform when the driver moved the trailer backward in a jerking fashion, causing appellant to lose his balance and fall approximately four feet to the ground. Appellant sustained injury in the fall.
 {¶ 5} Following his injury, appellant filed a workers compensation claim and eventually brought the employer intentional tort claim which underlies this appeal. Appellant alleges that appellee intended to injure him by its failure to install guardrails on the crane platform after he requested them. Appellee responded that it did not intend to injure appellant. According to appellee, appellant's injury was the result of his violation of a known safety procedure.
 {¶ 6} In the trial court, appellee moved for summary judgment. Appellant's response was untimely. On July 28, 2003, the trial court issued summary judgment in favor of appellee. From that judgment, appellant now brings this appeal.
 {¶ 7} Appellant sets forth the following single assignment of error:
 {¶ 8} "The Trial Court Erred in Determining That Appellee Did Not Have "Actual Knowledge" Both of The Danger And Of The Substantial Certainty of Harm That Would Result To Appellant From Their Actions And/Or Omissions."
 {¶ 9} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 10} Appellant, in his sole assignment of error, asserts that the trial court erred in granting summary judgment in favor of his employer.
 {¶ 11} Generally, actions for injuries sustained in the course of employment must be addressed within the framework of Ohio's workers' compensation statutes. Blankenship v. CincinnatiMilacron Chemicals, Inc. (1982), 69 Ohio St.2d 608, 614. An exception to this rule includes claims for injuries caused by employer intentional torts. See Johnson v. BP Chems., Inc.
(1999), 85 Ohio St.3d 298.
 {¶ 12} To prevail in an action for intentional tort against an employer, a plaintiff must show:
 {¶ 13} "* * * (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus.
 {¶ 14} Cases involving workplace intentional torts must be judged on the totality of the circumstances surrounding each incident. Gibson v. Drainage Prods., Inc. (2002),95 Ohio St.3d 171, 178, 2002-Ohio-2008 at ¶ 27. Mere knowledge and appreciation of a risk does not establish "intent" on the part of the employer. Cross v. Hydracrete Pumping Co.,Inc. (1999), 133 Ohio App.3d 501, 507, citing toFyffe, supra, at 118. There must be proof that the employer acted despite a known threat that harm to an employee is substantially certain to occur. Kunkler v. Goodyear Tire Rubber Co. (1988), 36 Ohio St.3d 135, 139. "Proof of the employer's intent * * * is by necessity a matter of circumstantial evidence and inferences drawn from alleged facts appearing in the depositions, affidavits and exhibits. Even with these facts construed most strongly in favor of the employee * * * the proof of the employer's intent must still be more than negligence or recklessness." Emminger v. Motion Savers, Inc.
(1990), 60 Ohio App.3d 14, 17.
 {¶ 15} An employer may be liable for the consequences of its acts even though it never intended a specific result. Gibson,
supra, at 179. "If the actor knows that the
{¶ 16} consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result."Gibson, supra, at 179, 2002-Ohio-2008 at ¶ 28, quoting VanFossen v. Babcock Wilcox Co., 36 Ohio St.3d 100, 115. Nevertheless, an employer is considered to have intended to cause injury to an employee "* * * only when a reasonable person could infer from the surrounding circumstances that the employer, withknowledge of a risk of certain injury from a dangerous condition,still requires an employee to perform the dangerous procedure." (Emphasis in the original) Youngbird v. Whirlpool Corp. (1994),99 Ohio App.3d 740, 747, citing Fyffe, supra, at paragraph two of the syllabus. See also, Gibson, supra at 179.
 {¶ 17} Here, appellant asserts that he told his immediate supervisor and union representative that he nearly fell off the crane platform; that he thought this was a dangerous condition; and that he requested safety railings be installed. All of these events occurred during appellant's period of employment before his injury in July 2002. Appellee disputes these claims. We are not permitted to make credibility determinations for veracity of such claims. Civ.R. 56. Consequently, for purposes of summary judgment we must assume that the employer had actual knowledge of the purported dangerous condition.
 {¶ 18} The second prong of Fyffe requires evidence that the employer had actual knowledge that its conduct would result in a substantially certain injury to the employee.
 {¶ 19} Here, appellant has proffered no evidence to suggest that appellee knew with substantial certainty that appellant would be injured if guardrails were not in place. Appellee has presented no evidence that prior similar accidents of this nature have occurred. He cites no regulation requiring such guardrails. Moreover, even assuming arguendo, that appellant has satisfiedFyffe's second prong he fails to satisfy Fyffe's third prong.
 {¶ 20} Appellant fails on this prong because he has not produced "* * * evidence that raises an inference that the employer, through its actions and policies, required the employee to engage in a dangerous task." Gibson v. Drainage Prods.,Inc., supra at 177; citing Hannah v. Dayton Power Light Co.
(1998), 82 Ohio St.3d 482, 487. In this matter, not only is there an absence of evidence that appellee required appellant to work in a dangerous environment, it is undisputed that appellee had in place a work rule prohibiting an employee from standing on a crane platform when it is moved. On its face, the existence of this rule negates appellant's satisfaction of Fyffe's third prong.
 {¶ 21} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment Affirmed.
Richard W. Knepper, J., Mark L. Pietrykowski, J., ArleneSinger, J., Concur.