DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Wood County Court of Common Pleas wherein, appellees, J.P. Enterprise Inc. and Owens-Brockway Plastic Products, Inc., were granted summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This case results from a workplace injury sustained by appellant, Charles Rinebold. In 2001, appellant was employed by appellee, J.P. Enterprise, a mechanical contracting firm. In January 2001, appellee, Owens-Brockway Plastics Products, Inc. contracted with J.P. Enterprise to remove certain equipment from their facility. On January 5, 2001, appellant was disassembling some industrial storage racks at Owens-Brockway's facility when he fell approximately nine feet to the ground. As a result, appellant sustained permanent paralysis from the waist down.
 {¶ 3} On December 2, 2004, appellant filed a personal injury action against J.P. Enterprise, Inc. and Owens-Brockway. Both defendants filed motions for summary judgment which were granted on October 25, 2005. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. Summary judgment was improper for appellee Owens-Brockway because reasonable minds could conclude that the appellee directly participated in the work, or controlled several "critical variables" of appellant's work."
 {¶ 5} "II. Summary judgment should not have been granted to appellee J.P. Enterprise because reasonable minds could find that J.P. Enterprise expected the appellant to perform in a manner that was substantially certain to result in injury."
 {¶ 6} Civ.R. 56(C) provides that summary judgment can be granted only if 1) no genuine issue of material fact remains to be litigated; 2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and 3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. In reviewing a ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129.
 {¶ 7} In his first assignment of error, appellant contends that the court erred in granting summary judgment to Owens-Brockway. As discussed above, appellant was an employee of J.P. Enterprise. Appellant's presence at the Owens-Brockway facility on the day of his accident was the result of a contractual agreement between J.P. Enterprise and Owens-Brockway, wherein, J.P. Enterprise agreed to perform certain work at the Owens-Brockway facility. In granting summary judgment to Owens-Brockway, the trial court cited the well established law holding that when a dangerous condition arises out of the performance of work for which an independent contractor was employed, a premises owner, in general, has no duty to see that an independent contractor performs work in a safe manner.Wellman v. E. Ohio Gas Co. (1953). The court noted an exception to the rule found in Hirshbach v. Cincinnati Gas Elec. Co.
(1983), 6 Ohio St.3d 206. The Hirshbach court stated that:
 {¶ 8} "[O]ne who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor."
 {¶ 9} Applying this exception, the trial court found no evidence that Owens-Brockway actively participated in the disassembly of the industrial storage racks.
 {¶ 10} Appellant contends that the trial court erred in failing to consider Sopkovich v. Ohio Edison Co., (1998),81 Ohio St.3d 628. In Sopkovich, Id., the Ohio Supreme court stated:
 {¶ 11} "* * * active participation giving rise to a duty of care may be found to exist where a property owner either directs or exercises control over the work activities of the independent contractor's employees, or where the owner retains or exercises control over a critical variable in the workplace."
 {¶ 12} In Sopkovich, an independent contractor was severely injured when he came into contact with high voltage electricity while painting an electric substation owned and operated by Ohio Edison. The Ohio Supreme Court found that genuine issues of material fact precluded summary judgment in favor of Ohio Edison when the company retained and exercised exclusive control over the de-activation of specific electrical conductors in the work area.
 {¶ 13} Appellant contends that Owens-Brockway actively participated in appellant's work and retained control over several critical variables of appellant's work. Appellant's own deposition testimony, however, belies the notion that Owens-Brockway was an active participant. Appellant was not supervised by anyone at Owens-Brockway and he was not trained by anyone at Owens-Brockway. Appellant testified that he had no contact with other Owens-Brockway employees other than when he needed to borrow a piece of equipment. When appellant needed some extra help in completing his job, it was not Owens-Brockway employees who assisted him, but rather, Owens-Brockway contracted with another company for extra workers. The only indication of Owens-Brockway's "active participation" was appellant's testimony that an Owens-Brockway employee regularly provided appellant with a list of jobs that needed to be completed. This does not rise to the level of "active participation" as that term is used inSopkovich. Accordingly, Owens-Brockway owed no duty to appellant as an independent contractor. Appellant's first assignment of error is found not well-taken.
 {¶ 14} In his second assignment of error, appellant contends that the court erred in granting summary judgment to J.P. Enterprise when reasonable minds could find that J.P. Enterprise expected appellant to perform his job in a manner that was substantially certain to result in injury. Specifically, appellant contends that J.P. Enterprise was negligent in failing to require its employees to use safety equipment such as harnesses or lifelines when performing work more than six feet above ground.
 {¶ 15} Although Ohio workers' compensation law generally provides employees with the sole means of compensation for injuries suffered within the scope of employment, where an employer's conduct is sufficiently egregious, an employee may bring an action against that employer for intentional tort.Goodin v. Columbia Gas of Ohio, Inc. (2000),141 Ohio App.3d 207, 214. This exception arises from the notion that where an employer's conduct is sufficiently egregious to constitute an intentional tort, the employer's act occurs outside the scope of employment. Id., at 215.
 {¶ 16} The law is well settled that in order to establish an employer intentional tort, an employee must demonstrate the following: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Hannah v. Dayton Power Light Co. (1998),82 Ohio St.3d 482, 484. (Quoting Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus).
 {¶ 17} "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk-something short of substantial certainty-is not intent." Fyffe, supra, at paragraph two of the syllabus.
 {¶ 18} When considering whether an employer's conduct is sufficiently egregious to constitute an intentional tort, courts must refrain from construing the term "intentional tort" too broadly. Goodin, supra, at 215, 750 N.E.2d 1122. As stated by the Supreme Court of Ohio in Van Fossen v. Babcock Wilcox
(1988), 36 Ohio St.3d 100, 116, 522 N.E.2d 489, "* * * the dividing line between negligent or reckless conduct on the one hand and intentional wrong on the other must be drawn with caution, so that the statutory frame work of the [Workers' Compensation] Act is not circumvented simply because a known risk later blossoms into reality. * * *" Id. (citation omitted).
 {¶ 19} On January 5, 2001, appellant's job was to disassemble some industrial storage racks. The storage racks consisted of a steel frame with adjustable shelving. The shelving consisted of two by six planks. Appellant was standing on one of the planks when he fell. Appellant testified that if the planks had been longer, he would not have fallen. He also testified that no one from J.P. Enterprise knew that the planks were too short. Regarding his accident, appellant stated "I don't blame [J.P. Enterprise]." Appellant also identified, in his deposition testimony, Exhibits A B, photographs of the J.P. Enterprise toolbox he used at Owens-Brockway. The photos show a safety harness and a tie off rope in the toolbox. Appellant testified that the purpose of those items was to secure oneself to a lift "when working with heights." Appellant also testified that on the day of his accident there was an Owens-Brockway lift available to him which he did not use though he knew that would have been "the correct way to do it."
 {¶ 20} All three prongs of the Fyffe test must be satisfied to withstand a motion for summary judgment against claims that an employer committed an intentional tort against an employee.Adams v. Casey Sales Serv. (Dec. 6, 1996), 6th Dist. No. WD-96-030.
The record in this case clearly does not support a finding, based on the second prong, that J.P. Enterprise had actual knowledge that the planks were too short or that appellant did not use the safety equipment provided by J.P. Enterprise. Furthermore, there is no evidence to support a finding, based on the third prong, that J.P. Enterprise required appellant to perform his job without safety equipment. Rather, appellant testified that safety equipment was available to him but he chose not to use it.
Finding no genuine issue of material fact, appellant's second assignment of error is found not well-taken.
 {¶ 21} On consideration whereof, the court finds substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Wood County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J Skow, J. concur.