[Cite as *Hill v. Pepsi-Cola Gen. Bottlers, Inc.*, 2016-Ohio-2868.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Tedrick K. Hill                                    Court of Appeals No. L-15-1184

      Appellant                                 Trial Court No. CI0201403166

v.

Pepsi-Cola General Bottlers, Inc., et al.          **DECISION AND JUDGMENT**

      Appellee                                  Decided:  May 6, 2016

* * * * *

Marc G. Williams-Young, for appellant.

Gregory B. Denny and Mark S. Barnes, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 12, 2015 judgment of the Lucas County Court of Common Pleas, which granted appellee's motion for summary judgment.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} This case originates in the administrative denial of a workers' compensation claim by appellant in connection to a respiratory issue experienced by appellant, who was

employed as a batcher/mixer for Pepsi. However, no convincing medical evidence supporting appellant's claim that the issue was caused by workplace conditions was presented. Accordingly, it was denied. On November 19, 2012, following the denial of the claim by the Industrial Commission hearing officer, appellant filed a notice of appeal and complaint pursuant to R.C. 4123.512.

{¶ 3} On March 13, 2015, appellee filed a motion for summary judgment. In support, appellee noted that the respiratory issue complained of is prevalent in the general public. Also, appellee argued that appellant failed to establish proximate cause between appellant's workplace and the respiratory issue. On June 12, 2015, summary judgment was granted by the trial court. This appeal ensued.

{¶ 4} Appellant, Tedrick Hill, sets forth the following sole assignment of error:

The trial court erred in granting summary judgment in favor of Appellee Pepsi-Cola General Bottlers, Inc.

{¶ 5} The following undisputed facts are relevant to this appeal. Appellant commenced employment with Pepsi in January of 2002. Appellant was originally hired to work as a forklift driver. Subsequently, in May of 2003, appellant transferred to a batcher/mixer position. Appellant continued working in this position until July of 2010. While working as a batcher/mixer, appellant's job duties and responsibilities included composing the various Pepsi beverage products by combining liquids and powders together in conjunction with the established recipes and formulas of Pepsi products.

**{¶ 6}** Six years after first working as a product mixer, appellant began to experience upper respiratory issues. Appellant sought medical treatment from his primary care physician, and also from a pulmonologist. The pulmonologist diagnosed appellant with mucus in the lungs. Although the pulmonologist opined that the mucus was connected to appellant's work for Pepsi, no medical evidence or authority was cited or offered in support of that conclusion. The pulmonologist concluded without evidentiary support that, "Mr. Hill's mucus plugging is more likely than not a result of his workplace exposure than to other known viral or fungal infections common to the general public."

**{¶ 7}** On November 17, 2011, appellant filed a workers' compensation claim alleging that his work at Pepsi proximately caused the mucus issues. The district hearing officer denied the claim finding in pertinent part that the, "[A]lleged condition of bronchiectasis (mucus plugging of the bilateral lungs) was not proximately caused or contracted as a result of injurious exposure while working for Pepsi-Cola General Bottlers, Inc."

**{¶ 8}** In addition, the hearing officer acknowledged that appellant's mucus plugging was not a condition covered by the schedule of occupational diseases. It was further noted that appellant failed to satisfy the burden of proof establishing that workplace conditions proximately caused this issue. Appellant appealed the denial of the claim to the Lucas County Court of Common Pleas.

{¶ 9} On March 12, 2015, appellee filed a motion for summary judgment. In support, appellee furnished the affidavit of medical expert witness, Dr. David M. Rosenberg, M.D., board certified in internal medicine, pulmonary disease, and occupational medicine. Rosenberg examined appellant, appellant's medical records, and relevant medical literature, and concluded that to a "[R]easonable degree of medical certainty [appellant's] employment at Pepsi as a batcher/mixer and alleged exposure to various powders [was] not the proximate cause of his bronchiectasis and respiratory disease." Therefore, no genuine issue of material fact remained in dispute.

{¶ 10} On June 12, 2015, based upon appellee's expert evidence, the trial court granted appellee's motion for summary judgment, concluding that appellant was not able to meet his burden of showing that his symptoms were proximately caused by his work at Pepsi. In addition, the affidavit from appellant's treating pulmonologist was found to be inadmissible pursuant to *Daubert*. This appeal ensued.

{¶ 11} Appellate review of summary judgment is conducted on a de novo basis, applying the same standard of review as utilized by the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 128, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A motion for summary judgment will be granted if there is no genuine issue of material fact and, when reviewing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

4.

{¶ 12} In order to prevail in a workers' compensation claim, the appellant must prove by a preponderance of the evidence that his injury was proximately caused by his employment. *Fox v. Indus. Comm.*, 162 Ohio St. 569, 125 N.E.2d 1 (1955). "[T]o prove that a toxic substance caused the plaintiff's medical condition, the plaintiff must establish both (1) that the toxic substance is capable of cause the condition (general causation) and (2) that the toxic substance in fact caused the plaintiff's medical condition (specific causation)." *Valentine v. PPG Industries, Inc.,* 158 Ohio App.3d 615, 626, 2004-Ohio-4521, 821 N.E.2d 580.

{¶ 13} The record encompasses no convincing evidence that appellant's respiratory issue was proximately caused by his employment at Pepsi. Appellant's medical expert failed to state the bases for his opinions and cited no medical authority in support of the notion that the substances mixed by appellant at Pepsi caused appellant's issue. Appellant's expert simply concluded, without supporting authority, that appellant's mucus was, "[M]ore likely than not a result of his workplace exposure."

{¶ 14} By contrast, Rosenberg definitively concluded that Pepsi's workplace conditions did not cause appellant's issue. Rosenberg cited authoritative medical journals indicating that the chemicals used by Pepsi are not capable of causing appellant's condition. Rosenberg noted that appellant's respiratory issues are actually considered to be a disease of the general public. They are not caused by the chemicals in use at Pepsi. Rosenberg found to a reasonable degree of medical certainty that appellant's employment at Pepsi did not proximately cause appellant's issues. The record clearly shows that no

5.

genuine issue of material fact remained in dispute and reasonable minds could only conclude appellee was entitled to judgment as a matter of law. The trial court properly granted summary judgment to appellee. Accordingly, we find appellant's sole assignment of error not well-taken.

{¶ 15} Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                                    _____

                                              JUDGE

Thomas J. Osowik, J.                 

                                              _____

James D. Jensen, P.J.                             JUDGE
CONCUR.

                                              _____

                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

6.