[Cite as *Simons v. Buldas*, 2016-Ohio-7111.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Wendy Simons, et al.      Court of Appeals No. L-15-1316

Appellants      Trial Court No. CI0201403182

v.

James J. Buldas, Ed.D., et al.      **DECISION AND JUDGMENT**

Appellees      Decided: September 30, 2016

* * * * *

R. Ethan Davis and Zachary J. Murry, for appellants.

John C. Barron and Katherine S. Decker, for appellee, Marina B. Lung.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 8, 2015 summary judgment ruling of the

Lucas County Court of Common Pleas, granting summary judgment to appellee Marina

Lung, M.A. ("Lung"). For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellants, Wendy and Larry Simons ("appellants"), set forth the following three assignments of error:

1. The Trial Court Committed Reversible Error by Entering Summary Judgment in Favor of Defendant-Appellee Marina Lung, M.A., where Plaintiff-Appellants Presented Substantial and Compelling Evidence that Defendant-Appellee Lung and Defendant-Appellee Buldas Operated Their Business as a Partnership in Fact and/or by Estoppel, and that they Represented Themselves to the Public as a Partnership, and that Plaintiff-Appellant Wendy Simons, in Fact, Relied upon these Representations.

2. The Trial Court Committed Reversible Error by Entering Summary Judgment in Favor of Defendant-Appellee Lung on Plaintiff-Appellants' Negligent Hiring, Training, and Supervision Claims where Plaintiffs-Appellants Presented Evidence that Defendant-Appellee Lung Exercised Substantial Control over the Practice and the Performance of Defendant-Appellee Buldas' Duties as a Psychologist Sufficient to Show the Existence of an Employment and/[or] Supervisory Relationship.

3. The Trial Court Committed Reversible Error by Finding that Defendant-Appellee Buldas' Tortious Misconduct was not Within the Scope and Course of his Partnership and/or Employment Relationship with

2.

Defendant-Appellee Lung, where the Court Ignored the Body of Evidence, Applicable Case Law, the Ethical Standards of the Ohio State Board of Psychology, and the Language of Defendant-Appellee Buldas' own Rescinded Malpractice Insurance Policy; all of which Establish that the Failure of a Psychologist to Appropriately Manage the Transference Phenomenon Constitutes Negligence, rather than Intentional Tortious Conduct.

{¶ 3} The following undisputed facts are pertinent to this appeal. This case arises from a long term, improper romantic relationship which transpired between appellant Wendy Simons ("Mrs. Simons) and her marital counseling service provider, appellee Buldas. The relationship was not disclosed by either party to the relationship to appellee Lung. The existence of the relationship was not discovered by any other source or means by appellee Lung.

{¶ 4} In May 2006, appellants, a married couple, commenced marital counseling session with Buldas, a Toledo-area psychologist. Subsequent to appellants' second joint counseling session with Buldas, only Mrs. Simons continued receiving counseling treatment from Buldas on an individual basis. At all times relevant to the instant case, Buldas maintained an office sharing arrangement with another psychology practitioner, appellee Lung.

{¶ 5} Notably, the record reflects that Lung and Buldas did not execute or engage in any form of written or oral business partnership at any time during the relevant

3.

timeframe. In addition, Lung and Buldas did not jointly own office space or office equipment during the relevant timeframe. Rather, the record reflects that Lung and Buldas participated in an office sharing arrangement pursuant to which each of them executed the lease agreement on the office space in their individual capacity.

{¶ 6} Consistent with the above, the record further shows that Lung and Buldas never shared in the profits or losses of their respective individual psychology practices. On the contrary, Lung and Buldas maintained separate patient records, separate financial records, separate appointment cards, separate letterhead, and separate business tax I.D. numbers. Although Lung and Buldas shared the services of one support staff employee, all shared decisions and authority were confined to this shared support staff employee. It did not extend in any way to the two separate professional psychology practices of Lung and Buldas.

{¶ 7} Subsequent to Mr. Simons discontinuing marital counseling services, and Mrs. Simons continuing counseling on an individual basis, Buldas initiated and transformed the relationship between the two from a professional relationship between a patient and a treating psychologist into an improper, romantic, and intimate relationship. This intimate relationship between them continued from 2006 until 2013. Lung was never made aware of, and never learned of, the improper relationship during the duration of the relationship.

{¶ 8} In November 2013, Mr. Simons first became aware of the nature of the relationship between Mrs. Simons and Buldas. Immediately thereafter, Mrs. Simons

4.

discontinued both the counseling sessions and the intimate relationship with Buldas. Following the subsequent receipt of intensive counseling services with a new treatment provider, Mrs. Simons filed a formal complaint against Buldas with the Ohio State Board of Psychology. On July 15, 2014, appellants filed the complaint against appellees underlying this matter.

{¶ 9} On October 2, 2014, Buldas entered into a voluntary consent agreement with the Ohio State Board of Psychology indefinitely suspending Buldas from the practice of psychology as a result of these events. As relevant to Lung, appellants' complaint set forth allegations of liability against Lung for the actions of Buldas pursuant to the claimed causes of action of partnership liability and negligent supervision.

{¶ 10} On November 26, 2014, Lung filed for summary judgment. In support, Lung maintained that she was not engaged with Buldas in any actual or constructive business partnership or employment relationship of any kind from which liability for the events could be attributable to her.

{¶ 11} On the contrary, Lung asserted that she and Buldas were strictly maintained an office sharing arrangement. Following discovery, including the depositions of Lung and the office support staff employee, appellants filed their brief in opposition to Lung's pending motion for summary judgment.

{¶ 12} On April 8, 2015, the trial court granted summary judgment to Lung. The trial court determined, in relevant part, that reasonable minds could only conclude that no genuine issue of material fact remained in dispute regarding whether Lung could be held

5.

liable in damages for the improper conduct of Buldas. The trial court unequivocally held that the evidence failed to establish any potential requisite underlying business or partnership or employment relationship so as to potentially impose liability and damages against Lung in this matter. This appeal ensued.

{¶ 13} Appellants' first two assignments of error are both rooted in the common premise that the trial court erred in granting summary judgment to Lung in connection to claimed liability and damages attributable to Lung for the professional misconduct of Buldas. Accordingly, they will be addressed simultaneously.

{¶ 14} In the first assignment of error, appellants contend that they presented convincing evidence of the existence of a business partnership between Lung and Buldas, so as to trigger potential liability against Lung for the misconduct by Buldas. We do not concur.

{¶ 15} We note at the outset that appellate review of disputed summary judgment decision is conducted on a de novo basis, with this court utilizing the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts*., 61 Ohio App.3d 127, 572 N.E.2d 198 (9th Dist.1989). Accordingly, summary judgment is proper when there remains no genuine issue of material fact in dispute and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 16} R.C. 1776.01(M) defines a partnership to be, in relevant part, "[A]n association of two or more persons to carry on as co-owners a business for profit." In the

6.

course of interpreting and applying this statute, Ohio courts look to key evidentiary factors; such as whether an express or implied partnership contract existed, whether the parties shared profits and losses, whether the parties approach to control and agency issues reflected mutuality, and lastly, whether there was co-ownership of real estate or supplies and materials utilized in connection to the claimed partnership and acquired with shared funds. *Grendell v. Ohio Env. Protection Agency*, 146 Ohio App.3d 1, 764 N.E.2d 1067 (9th Dist.2001).

{¶ 17} In applying the above statutory and case law framework to the claimed partnership in this matter, the record reflects that the parties never executed a written partnership contract or entered into an oral partnership agreement. The record reflects that the parties to the claimed partnership at no time shared in the profits or losses from their respective, separate psychology practices. The record contains no evidence of the parties to the claimed partnership acting in a manner that could be construed so as to constitute mutuality of agency or control regarding their professional work. The record reflects that the parties did not co-own any real estate, equipment, supplies or materials, or any other property in connection to their professional work.

{¶ 18} On the contrary, the record reflects that the parties to the claimed partnership executed the lease agreement of the premises of their professional offices in their individual capacities, possessed separate tax ID identifiers, separate insurance numbers, separate patient records, separate financial records, and even separate letterhead and appointment cards. In conjunction with this, the record reflects no evidence in

7.

support of the notion that appellee Lung ever acted or conducted herself in any way to anyone suggestive of a partnership between Lung and Buldas.

{¶ 19} While appellants point to facts such as the parties having both of their names on the fax cover sheet utilized by the support staff employee and both parties to the claimed partnership jointly contributed to the compensation of the employee, these facts do not negate the bulk of evidence in this case that demonstrates an informal office sharing arrangement, rather than any form of legal partnership, existed between the parties.

{¶ 20} Appellants also assert that the existence of a now defunct corporation, Comprehensive Counseling Center Inc. ("CCC"), that the parties were involved with, supports the notion that a partnership existed in this case. We note that CCC was legally canceled and rendered defunct by the Ohio Secretary of State on June 17, 2002. The relevant timeframe applicable to this case commenced in 2006.

{¶ 21} Lastly, appellants rely upon the case of *Estate of Holmes ex rel. Webb v. Ludeman*, 6th Dist. Lucas No. L-00-1294, 2001 WL 1198628 (Oct. 5, 2001), in support of the partnership claim. We have reviewed *Ludeman* and find it to be materially distinguishable, and therefore, not controlling in this case. In *Ludeman*, contrary to the facts of the present case, the parties to the claimed partnership engaged in revenue sharing, they co-owned office furniture and supplies, they had joint access to the client files of all members of the claimed partnership, they represented themselves to the public as a joint business enterprise through the name utilized in advertising and printed in the

8.

telephone directory, and it was suggested by the name they announced to telephone callers.  None of these factors in support of a claimed partnership are present in this case.

{¶ 22} The record in this case encompasses an abundance of objective, relevant evidence which, taken together, negates the assertion of a business partnership in this matter.  Appellants have not furnished convincing evidence demonstrating that the arrangement between the parties constituted anything beyond an informal, office sharing arrangement.  Wherefore, we find appellants' first assignment of error not well-taken.

{¶ 23} In appellant's second assignment of error, they similarly assert that the trial court summary judgment ruling was in error regarding claims of negligent hiring, training, supervision, and control alleged against Lung regarding Buldas.  We do not concur.

{¶ 24} Consistent with our determination in response to appellants' first assignment of error, we again note that the record is similarly devoid of evidence demonstrating some sort of legally enforceable employment relationship between Lung and Buldas.  Rather, the record is replete with evidence of an informal office sharing arrangement that cannot be construed as any form of legal partnership so as to potentially subject Lung to employment relationship liability regarding Buldas.

{¶ 25} While appellants rely upon the fact that there was an office employee shared by Lung and Buldas, that fact does not negate the record of evidence demonstrating that there was no written or verbal partnership between the parties, no shared profits or losses, separate tax identifier information, separate patient records,

9.

separate financial records, no co-owned real estate or property of any kind connected to their respective individual psychology practices, and no evidence of mutuality of control in connection to their respective psychology practices.

{¶ 26} Appellants also point to testimony from the shared employee that the employee believed Lung encouraged Buldas to seek alcohol treatment as somehow demonstrative of the claimed employment relationship. We do not find that someone encouraging a sibling to seek assistance for potential alcohol issues as constituting persuasive evidence of an employment relationship under the facts of this case.

{¶ 27} Appellants have not furnished facts demonstrative of potential liability against Lung for the misconduct of Buldas rooted in any form of claimed business partnership or any form of claimed employment relationship. Wherefore, we find appellants' second assignment of error to be not well-taken.

{¶ 28} In the third assignment of error, appellants maintain that the trial court summary judgment ruling erred in finding that the misdeeds of Buldas underlying this matter would, by their very nature, fall outside of the scope and course of any claimed business partnership relationship and/or claimed employment relationship between the parties such that Lung could potentially be held liable for the conduct of Buldas.

{¶ 29} We note that the premise of appellants' third assignment of error is contingent upon a determination by this court that the evidence in this case demonstrates that some form of business partnership relationship and/or employment relationship exists between Lung and Buldas so as to potentially impose joint liability.

10.

**{¶ 30}** Given our determination in response to appellants' first two assignments of error, finding that no business partnership relationship and/or employment relationship existed in this case, appellants' third assignment of error is moot. We find appellants' third assignment of error to be not well-taken.

**{¶ 31}** Based upon the foregoing, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellants are ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                 _____
                                                        JUDGE

Thomas J. Osowik, J.

                                               _____

James D. Jensen, P.J.                                         JUDGE
CONCUR.

                                             _____
                                                         JUDGE

11.