[Cite as *Sherer v. Progressive Select Ins. Co.*, 2017-Ohio-7278.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Kory Sherer, et al.                                         Court of Appeals No. L-17-1033

    Appellants                                       Trial Court No. CI0201603250

v.

Progressive Select Insurance                    **DECISION AND JUDGMENT**
Company, et al.

    Appellees                                        Decided:  August 18, 2017

* * * * *

Jonathan M. Ashton, for appellants.

Robert J. Bahret and Christine M. Gaynor, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 7, 2017 summary judgment ruling of the

Lucas County Court of Common Pleas, granting summary judgment to appellee.  This

case arises from a July 22, 2015 collision between appellant's bicycle and a motorcycle

occurring on W. Sylvania Ave. at Commonwealth Ave. in Toledo.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellants, Kory and Stephanie Sherer, set forth the following assignment of error:

> I.  The trial court erred when it granted summary judgment in favor of Appellee Progressive Select Insurance Company.

{¶ 3} The following undisputed facts are relevant to this appeal.  On July 22, 2015, appellant Kory Sherer was riding his bicycle home after leaving work.  Sherer was traveling on his bicycle on the sidewalk along W. Sylvania Ave. near Jackman Rd. in Toledo.  Sherer stopped his bicycle where Commonwealth Ave. ends at W. Sylvania Ave.

{¶ 4} Sherer wanted to cross W. Sylvania Ave. in that vicinity as he resided on a side street off of the opposite side of W. Sylvania Ave.  Notably, the location selected by Sherer in which to cross this heavily travelled portion of W. Sylvania Ave. on his bicycle has no crosswalk, no traffic light, and no traffic device of any kind which would require the motor vehicle traffic traveling along W. Sylvania Ave. to stop or yield to pedestrians or any other non-motor-vehicle traffic.

{¶ 5} Unfortunately, despite an oncoming motorcycle traveling down W. Sylvania Ave. heading towards him in extremely close proximity, located two car lengths away, Sherer began to bicycle across W. Sylvania Ave.   Appellant bicycled into the path of the oncoming motorcycle, was struck by the motorcycle, and sustained a dislocated left shoulder.

2.

{¶ 6} An eyewitness who was driving his motor vehicle in the opposite direction down W. Sylvania Ave. at the time of the incident testified at deposition that the motorcycle appeared to be traveling somewhere in the range of 35-40 m.p.h. in the 35 m.p.h. speed limit zone at the time of the collision. The eyewitness further testified that the motorcyclist would have been unable to avoid colliding with appellant regardless given the extremely close proximity when appellant "bolted" from the sidewalk into the path of the oncoming motorcycle.

{¶ 7} The motorcyclist left the scene and has not been identified. Following this incident, appellant filed a claim against his insurer, Progressive, claiming applicable coverage pursuant to the uninsured motorist policy provision. Progressive denied coverage. Following the denial of the claim, appellant filed suit.

{¶ 8} On December 13, 2016, the depositions of appellant and the above-referenced eyewitness were taken. The evidence reflects that appellant crossed W. Sylvania Ave. on a bicycle at a location lacking a crosswalk, traffic light, or any traffic control device of any kind which would require motor vehicle traffic to stop and yield at that location.

{¶ 9} The evidence further reflects that at the time and location where appellant decided to cross W. Sylvania Ave., the oncoming motorcycle was in extremely close proximity, two car lengths away, and would have been unable to avoid the collision regardless of whether travelling at the speed limit or not.

3.

{¶ 10} On January 3, 2017, following discovery, Progressive filed for summary judgment. Appellant filed a brief in opposition. On February 7, 2017, the trial court granted summary judgment to Progressive, holding in pertinent part, "The argument posits that since the motorcycle was or could have been speeding * * * [T]he motorcycle was at least partially at fault * * * However, even if the motorcyclist was exceeding the posted speed limit by 5-10 m.p.h. (a fact upon which the evidence is not clear), the collision would have nevertheless occurred according to the evidence." This appeal ensued.

{¶ 11} In the sole assignment of error, appellants maintain that the trial court erred in granting summary judgment to Progressive. We do not concur.

{¶ 12} It is well-settled that appellate court review of a disputed summary judgment ruling is conducted on a de novo basis, applying the same standard as that used by the trial court. *Lorain Nat'l Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 671 N.E.2d 241 (1996). Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 13} We have carefully reviewed and considered the record of evidence in this matter to assess whether it reflects that no genuine issue of material fact remains such that appellee is entitled to judgment as a matter of law.

4.

{¶ 14} The record reflects that on July 22, 2015, appellant attempted to cross W. Sylvania Ave. on his bicycle despite oncoming motor vehicle traffic in extremely close proximity in a location that lacked a crosswalk, traffic light, or any other traffic control device which would have arguably created a potential duty to the oncoming motor vehicle traffic to yield to appellant.

{¶ 15} The record reflects from the deposition testimony of an eyewitness who was traveling down W. Sylvania Ave. in his motor vehicle in the direction opposite the motorcycle at the time of the accident that the motorcycle would have been unable to stop in time to avoid the collision whether or not the motorcyclist was traveling at the speed limit.

{¶ 16} In conjunction with this, the eyewitness testimony also significantly reflects that appellant did not look for oncoming traffic prior to "bolting" into W. Sylvania Ave.

{¶ 17} The record of evidence presented in this matter reflects no set of circumstances in which anyone could be deemed to have breached a duty to appellant such that proximate cause and liability could potentially be attributed.

{¶ 18} As held in *Westfall v. Lemon*, 4th Dist. Washington No. 14-CA-12, 2015-Ohio-384, at ¶ 23, "[W]here no facts are alleged justifying any reasonable inference that the acts or failure of the defendant constitute the proximate cause of the injury, there is nothing for the jury to decide, and, as a matter of law, judgment must be given for the defendant."

5.

**{¶ 19}** Similarly, in the instant case, no evidence was presented supporting any reasonable inference through which any proximate cause could be attributed in this matter to the motorcyclist or anyone other than appellant. As such, there remains no genuine issue of material fact, and reasonable minds may only conclude that Progressive is entitled to judgment as a matter of law. Wherefore, we find appellants' assignment of error to be not well-taken.

**{¶ 20}** Based upon the foregoing, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE